EVERITA BRAY GALLUP *vs.* BURTON AUGUSTUS GALLUP.

Hampden. September 19, 1929. — May 26, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Probate Court*, Jurisdiction, Custody of child, Removal of child from the Commonwealth. *Jurisdiction. Parent and Child. Constitutional Law.*

A man and a woman were married in 1921 and thereafter lived in the Commonwealth until 1926, when the husband left the wife and removed to Connecticut. A child had been born to them in 1922. In 1928 the husband secured a divorce from the wife in Nevada and married another woman. In 1929 the wife, who then was a resident of

the Commonwealth, brought a petition in a probate court here for separate maintenance under G. L. c. 209, § 32. A decree was entered in her favor, including an award to her of the custody of the child. The husband, a resident of Connecticut, thereafter in 1929 filed a petition in the same court which contained an allegation, among others, that the wife was planning to remove the child from the Commonwealth without his consent. He sought to have the previous decree revised relative to the custody of the child and to have the wife restrained from so removing the child. The judge found that there was no justification for a change of custody and that the wife was planning to leave the Commonwealth with the child for an indefinite period. It did not appear whether the child was or was not a native of the Commonwealth. A decree was entered on the husband's petition restraining the wife from removing the child from the Commonwealth until further order of court. Upon appeal by the wife, she contended that the court was without jurisdiction to make such decree. *Held,* that

(1) If the child was a native of the Commonwealth and the Nevada divorce was valid here, the court had power to prohibit his removal under the express terms of G. L. c. 208, § 30; § 6A, added to c. 208 by St. 1922, c. 532, § 6;

(2) If the divorce was valid and the child was not a native of the Commonwealth, the power to prohibit his removal, although not expressly conferred upon the court by G. L. c. 208, § 29; said § 6A, was a proper incident to the power and duty of the court under § 29 to make decrees relative to his care, custody, education and maintenance;

(3) If the divorce was not valid in the Commonwealth, so that the parents of the child were persons living apart from each other and not divorced, the court, under G. L. c. 209, § 37, had the same power to make decrees relative to his care, custody, education and maintenance;

(4) The decree was within the jurisdiction of the court;

(5) The question, whether the wife should be prohibited from removing the child, rested in the discretion of the judge of probate; and, there being no abuse of discretion apparent, the propriety of the decree was not a subject of review by this court;

(6) No rights of the wife under the Constitution of the Commonwealth and the Federal Constitution were invaded;

(7) The decree must be affirmed.

PETITION, filed in the Probate Court for the county of Hampden on December 17, 1928, for separate maintenance under G. L. c. 209, § 32.

The petition was heard by *Long,* J. Material facts found by the judge and a decree entered by his order are described in the opinion. The respondent subsequently, on June 13, 1929, filed a petition seeking a revision of the pre-

vious decree. Material facts relating to this petition and a decree entered thereunder also are described in the opinion. Everita Bray Gallup, the wife, appealed from the second decree only.

The case was submitted on briefs.

*N. P. Avery, A. S. Gaylord, & R. L. Davenport,* for Everita Bray Gallup.

*R. A. Bidwell,* for Burton Augustus Gallup.

WAIT, J. On May 22, 1929, the Probate Court for Hampden County entered a decree which found that Everita B. Gallup was actually living apart from her husband Burton A. Gallup for justifiable cause under the facts found by the court in writing and filed therewith, which prohibited him from imposing any restraint on her personal liberty, and which ordered that she have the care and custody of Mary Erminia Gallup, their minor child, and that he make specified payments to her for the support of herself and their child until further order of the court. The decree was entered upon a petition filed under G. L. c. 209, § 32. The decree and the written finding filed with it show that the parties were married in 1921 and, two weeks thereafter, went to live in Holyoke, Massachusetts, the home and domicil of the husband, where he continued to reside until about May 8, 1926, when he ceased to live with his wife and went to live in the State of Connecticut. Until March 5, 1928, he remitted weekly a sum for her support. On October 20, 1927, he arrived in Nevada where by law a residence of three months is required before a libel for divorce may be filed. On January 21, 1928, he there filed a libel for divorce alleging "a course of habitual, extreme cruelty" on her part. Summons was served upon her in Texas where she was then staying with her parents. She made no answer or demurrer, and was defaulted on March 6, 1928. After a hearing, a decree of divorce was entered on March 12. At that time and ever since he has discontinued to live with her and she was living apart from him for justifiable cause. On April 9, 1928, a marriage ceremony between him and one Ruth Ballard was performed in Brookline, Massachusetts, by a

person duly authorized, and record of this marriage was recorded with the town clerk of Brookline. The petitioner resides in Bridgeport, Connecticut; the respondent in Holyoke, Massachusetts.

On June 13, 1929, he filed in Hampden County a petition alleging that he was the father of a child born October 2, 1922; that on May 22, 1929, the court on petition of the mother awarded custody of the child to her; that he believed it was not for the benefit and advantage of the child that the mother should have the custody; that the mother was planning and purposing to remove the child out of the Commonwealth without his consent; and praying that an order issue preventing such removal during the pendency of the petition and then only if suitable security be given, and further praying that the decree of May 22, 1929, in so far as it awarded the custody of the child to the mother be revised so that the petitioner or some other suitable person should have such custody, and for such further orders as the court deemed expedient. A restraining order issued forthwith. On July 10, 1929, after hearing, the court entered a decree which recited the substance of the petition, that notice had been given and the parties had been heard and concluded as follows: "It is decreed that the decree of this Court dated May 22, 1929 be not modified and it is further decreed that the restraining order restraining said Everita Bray Gallup from removing said Mary Erminia Gallup from this Commonwealth shall continue in force until the further order of this Court." Appeal was claimed by Everita B. Gallup on July 19, 1929. On July 27 the judge filed the following "Finding of Facts": "In the above entitled petition I find that the following are all the material facts and upon which material facts, the decree in the case is based; The mother, Everita Bray Gallup, and who is the respondent in the petition of Burton Augustus Gallup, and to whom custody of the minor child Mary Erminia Gallup was given under decree of May 22, 1929, is a suitable and proper custodian in every respect for the said minor child; and I do not find any fact justifying a change of custody. I find, however, that

the said Everita Bray Gallup was planning to leave this Commonwealth with the said minor child for a trip to Texas, where her home was before her marriage and where her mother and relatives are located who would aid her in bringing up the child. As to whether she would with the minor child remain there permanently was not known to Everita Bray Gallup because of the uncertainty of matters pending in her proceedings against her husband Burton Augustus Gallup. The petitioner Burton Augustus Gallup and father of Mary Erminia Gallup, is now living in the State of Connecticut. He was not present in person at the hearing and there was not any evidence introduced of any love or affection of his for the said minor child. A marriage ceremony between him and another woman was performed at Brookline, Massachusetts, on April 9th, 1928. The said Burton Augustus Gallup has not paid anything to the said Everita Bray Gallup for the support of herself and said minor child as ordered by decree of this court May 22, 1929. Augustus T. Gallup, the grandfather of the minor child, is a resident in the State of Connecticut. The only relative of the child appearing to live in Massachusetts, is a sister of said grandfather, who does not appear to be of independent financial means and who does not desire to obtain custody of the child as against the mother Everita Bray Gallup.''

It is the appellant's contention that the court is without jurisdiction to make so much of the decree as restrains the removal of the child; that it, in this instance, is assuming to use powers which it can possess only by virtue of a general jurisdiction in equity, in a proceeding where its jurisdiction is purely statutory and where no such power has been given.

The contention cannot be sustained. St. 1842, c. 83, gave the justices of this court power to make decrees concerning the care, custody, education and maintenance of minor children of a marriage whenever a divorce shall have been decreed in any other State or country, if they were citizens or inhabitants of Massachusetts; and in all cases where these justices had jurisdiction of the custody and main-

tenance of the infant children of divorced persons and such children were natives of this Commonwealth, it prohibited their removal out of the jurisdiction against their own consent when of suitable age, nor while under that age without the consent of both their parents, unless the court should otherwise order; and it gave the court power to require security and to issue such writs and processes as were deemed proper to effect the purposes of the act. These provisions were continued in force through the revision of the statutes and are now embodied in G. L. c. 208, §§ 29, 30, with the change that the authority now rests in the Superior and in the Probate Court, St. 1922,.c. 532, § 6 (G. L. c. 208, § 6A).

There has been such a divorce in the State of Nevada, valid at least in Nevada. Whether it is valid or invalid in Massachusetts is immaterial; the necessity for action such as the statute contemplates is the same. It nowhere appears whether the child is or is not a native of Massachusetts. Her parents were residents of Holyoke at the time of her birth. If such native, manifestly the Probate Court had jurisdiction and authority to make the decree appealed from. If she is not a native here, the statute G. L. c. 208, § 30, does not prohibit her removal without the consent of the father; but it does give power to the court to issue writs and processes to secure her care, custody, education and maintenance.

In *Marshall* v. *Marshall*, 236 Mass. 248, this court decided that upon a petition under G. L. c. 209, § 32, a decree of a Probate Court which prohibited the removal of a minor child from the Commonwealth was within the jurisdiction of the court, under G. L. c. 209, § 37. The latter section provides that if parents of minor children live apart from each other, not being divorced, the court shall have the same power to make decrees relative to their care, custody, education and maintenance as in the case of divorced parents. If the Nevada divorce is dealt with as invalid in Massachusetts, then that statute is applicable here.

We regard the exercise of prohibition of removal from Massachusetts as properly incident to the performance of

the duty with which the court is charged of securing the care, custody, education and maintenance of the child. With the propriety of the prohibition in the case before us we have nothing to ,do. There is no abuse of discretion such that this court should interfere in the exercise of its supervisory jurisdiction. We see no constitutional rights of the parties which have been invaded.

*Decree affirmed.*