HAZE JOSEPH BERGERON *vs.* CLAIRE ISOBEL BERGERON.

Middlesex. December 12, 1933. — September 12, 1934.

Present: RUGG, C.J., FIELD, DONAHUE, & LUMMUS, JJ.

*Jurisdiction. Superior Court. Probate Court. Marriage and Divorce. Parent and Child. Conflict of Laws. Words, "Divorce."*

One, who petitioned in the Superior Court under G. L. (Ter. Ed.) c. 208, § 29, for custody of a minor child of himself and of the respondent, was not barred, after hearings before a master, from raising the question, whether the court had jurisdiction over the cause.

Jurisdiction over the custody of a minor child cannot be acquired by the Superior Court under G. L. (Ter. Ed.) c. 208, § 29, unless the decree of divorce of his parents is one which can be recognized as valid by the courts of this Commonwealth.

A decree of divorce, granted by a court of Mexico, where neither party to the proceedings was domiciled in Mexico, neither ever went there in connection with the proceedings, and the libellee was not served with any notice of the proceedings in any manner and did not know thereof until after the decree was entered, could not be recognized as valid in this Commonwealth so as to constitute the parties divorced within the meaning of G. L. (Ter. Ed.) c. 208, § 29, and to give the Superior Court jurisdiction of a petition under that statute by one of them for custody of a minor child of their marriage.

Under G. L. (Ter. Ed.) c. 209, §§ 32, 37; c. 215, § 4, exclusive and original jurisdiction over the custody of a minor child, residing in this Commonwealth, of parents who are married but living apart, is in the Probate Court.

PETITION, filed in the Superior Court on May 8, 1933, by a father for custody of the minor child of himself and the respondent.

The petition was referred to a master on June 6, 1933. On November 6, 1933, the petitioner filed a suggestion of want of jurisdiction of the court and a motion that his petition be dismissed. On November 9, 1933, the master's

report was filed. Material facts found by him are stated in the opinion. After hearing by *Pinanski*, J., the motion to dismiss and a motion to recommit the master's report were denied, the report was confirmed, and a final decree was entered awarding custody of the child to the respondent, his mother. The petitioner appealed from the denial of his motions and from the final decree.

*C. W. Rowley*, for the petitioner.

*L. L. Green*, for the respondent, submitted a brief.

RUGG, C.J. This proceeding was instituted in the Superior Court by a petition by the father to secure a decree granting to him the custody of his minor child. It comes before us on appeal by the father from an order denying his motion to dismiss for want of jurisdiction and from other interlocutory orders and from a decree awarding the custody of the child to the mother. The material facts are these: The petitioner and respondent were married in January, 1928, in California and lived together in various places on the Pacific coast. The child, the issue of this marriage, was born in the State of Washington in September, 1929. In 1930 the parties lived together as husband and wife in Baltimore in the State of Maryland. Because of physical violence inflicted on her by the husband she ceased cohabiting with him in February, 1931, and in the following July left him for justifiable cause, taking the child with her, and went to Virginia without disclosing her whereabouts or that of the child to her husband. Later she came to this Commonwealth intending to establish a residence here. She became acquainted with one White, a friend of her husband. Shortly afterwards she consulted by telephone and letter with a New York attorney and under his advice applied for and obtained in Mexico a decree of divorce from her husband. That decree was dated December 31, 1931. She was at no time within the jurisdiction of Mexico, nor did her husband appear in person or by attorney to oppose this application for divorce. He had no actual knowledge of the proceedings until long after the decree had been entered. There was no evidence of service upon him in any manner. She went through the form of a mar-

riage ceremony with White in January, 1932, and since then they have lived together in this Commonwealth, maintaining the child in their home. She acted in good faith in securing the divorce, and in marrying White. In applying for her marriage license in this Commonwealth she disclosed her former marriage and the Mexican divorce. The petitioner after having learned of the seeming divorce and marriage with White expressed satisfaction with the situation, was content that the child should remain with them and bear their name, assumed blame for the unfortunate outcome of his marriage with the respondent and visited them on several occasions. The present petition was filed in May, 1933.

The petitioner, after the hearings before the master, filed a motion to dismiss his petition because of want of jurisdiction of the court to entertain it. He is not barred from raising that question at any stage of the proceedings. No one party nor all parties can by their conduct confer jurisdiction over a cause on a court which has no jurisdiction over it. *Eaton* v. *Eaton*, 233 Mass. 351, 364. *Maley* v. *Fairhaven*, 280 Mass. 54, 56. *Connolly* v. *Phipps*, 283 Mass. 584, 586.

It is provided by G. L. (Ter. Ed.) c. 208, § 29, that "If, after a divorce has been decreed in another jurisdiction, minor children of the marriage are inhabitants of or residents in this commonwealth, the superior . . . court . . . shall have the same power to make decrees relative to their care, custody, education and maintenance . . . as if the divorce had been decreed in this commonwealth." The Superior Court also by G. L. (Ter. Ed.) c. 212, § 4, has "jurisdiction of all civil actions, except those of which other courts have exclusive original jurisdiction." By G. L. (Ter. Ed.) c. 209, §§ 32, 37; c. 215, § 4, exclusive original jurisdiction is conferred upon the probate courts to make orders and decrees concerning the care, custody and maintenance of minor children where their parents are simply living apart, not being divorced, upon application of either parent or of a next friend.

So far as jurisdiction in the case at bar is invoked under

G. L. (Ter. Ed.) c. 208, § 29, an essential jurisdictional fact is a preëxisting decree of divorce granted in another sovereign State. The word "divorce" in this connection interpreted according to the common and approved usage of the language means a legal dissolution of the bonds of matrimony. Therefore jurisdiction over the custody of the child under the terms of the statute cannot be acquired by the Superior Court unless the decree of divorce of his parents is one that can be recognized as valid by the courts of this Commonwealth. Compare *Gallup* v. *Gallup*, 271 Mass. 252. It becomes necessary, therefore, to determine the force and effect to be given in this Commonwealth to the decree of the Mexican court to dissolve the marriage of the parties to this petition. If that divorce be recognized as valid, then the domicil of the child becomes immaterial because he is residing in this Commonwealth. See St. 1931, c. 327, § 1 (now in G. L. [Ter. Ed.] c. 208, § 29), modifying the statute construed in *Glass* v. *Glass*, 260 Mass. 562. The actual residence of the child within the Commonwealth is all that is now required. See *Schmidt* v. *Schmidt*, 280 Mass. 216, 218.

It is to be noted that there is nothing in the record to indicate what is the law of Mexico concerning divorce. Our attention has not been drawn to any statute or code or other law of that country governing the subject of divorce. Whether the divorce was valid according to the laws of that country does not appear. *Richards* v. *Richards*, 270 Mass. 113. *Seemann* v. *Eneix*, 272 Mass. 189. *Rodrigues* v. *Rodrigues*, 286 Mass. 77, 81. No basis has been afforded for the operation of G. L. (Ter. Ed.) c. 233, § 70. If, however, it be assumed in favor of the respondent that the laws of that country require no residence nor presence within its territory as the basis of jurisdiction and that there was compliance with all the formal requisites established by Mexican laws, the divorce cannot be recognized under the law of this Commonwealth.

It is plain from the facts recited that neither the respondent nor the petitioner was domiciled at any time in Mexico. Neither of them ever went there in connection

with the divorce. The matter was conducted by correspondence so far as concerned the respondent. The petitioner had no knowledge touching the matter until after the decree of divorce.

A decree of divorce rendered by one of the other States of the United States in which neither of the parties was domiciled is not entitled to full faith and credit and will not be recognized and enforced. *Lyon* v. *Lyon*, 2 Gray, 367. *Andrews* v. *Andrews*, 176 Mass. 92, affirmed in '188 U. S. 14, 38, 39. *Commonwealth* v. *Booth*, 266 Mass. 80. *Bell* v. *Bell*, 181 U. S. 175. *Walker* v. *Walker*, 125 Md. 649. *Lefferts* v. *Lefferts*, 263 N. Y. 131. See *Haddock* v. *Haddock*, 201 U. S. 562; *Fischer* v. *Fischer*, 254 N. Y. 463. There was no attempt to give any notice to the petitioner of the pendency of the divorce proceeding in Mexico against him. So far as appears he never was in Mexico. *Corkum* v. *Clark*, 263 Mass. 378, 382, 383. No conduct of the petitioner such as appearance or collusion in the divorce proceeding or action on his part conclusively recognizing its validity (*Loud* v. *Loud*, 129 Mass. 14; *Chapman* v. *Chapman*, 224 Mass. 427; *Lankester* v. *Lankester*, [1925] P. 114) bars him from raising the question of jurisdiction in the case at bar. A decree of divorce granted in another State or nation may be attacked by proof that the court had no jurisdiction. *German Savings & Loan Society* v. *Dormitzer*, 192 U. S. 125, 128. The validity of divorce as well as of marriage in general depends upon the law of the State or country in which the husband and wife are domiciled. It was held in *Le Mesurier* v. *Le Mesurier*, [1895] A. C. 517, 540, that, "according to international law, the domicil for the time being of the married pair affords the only true test of jurisdiction to dissolve their marriage." *Keyes* v. *Keyes*, [1921] P. 204. That rule prevails generally. It is the law of this Commonwealth. *Kapigian* v. *Minassian*, 212 Mass. 412, where many cases are collected and reviewed. What exceptions or limitations, if any, there may be to this general statement need not be considered because it is plain that the case at bar falls within the general rule. See *Gould* v. *Gould*, 235 N. Y.

14.  No conflict of jurisdiction between States arises in the case at bar, because it is manifest that neither the petitioner nor the respondent was domiciled or resided or was physically present in Mexico.

The same principles govern the recognition of a divorce granted in a foreign country under the comity between nations or under international law.  It is stated in Am. Law Inst. Restatement: Conflict of Laws, § 111, that "A state cannot exercise through its courts jurisdiction to dissolve a marriage when neither spouse is domiciled within the state."  In Dicey's Conflict of Laws (5th ed.) 428, occurs this statement: "the Courts of a foreign country have no jurisdiction to dissolve the marriage of parties not domiciled in such foreign country at the commencement of the proceedings for divorce."  A considerable body of authority supports this view.  So far as we are aware there are no opposing decisions.  *Bonner* v. *Reandrew*, 203 Iowa, 1355, 1358.  *St. Sure* v. *Lindsfelt*, 82 Wis. 346.  *Le Mesurier* v. *Le Mesurier*, [1895] A. C. 517. *Shaw* v. *Gould*, L. R. 3 H. L. 55.  *Alzmann* v. *Maher*, 231 App. Div. (N. Y.) 139.  Compare *Gould* v. *Gould*, 235 N. Y. 14.  To recognize the Mexican divorce as valid in the circumstances here disclosed would frustrate and make vain all State laws regulating and limiting divorce. By such recognition State control over the marriage relation would be destroyed.

The cases relied on by the respondent are distinguishable. In *Haskell* v. *Haskell*, 152 Mass. 16, the award of custody was made as part of a divorce proceeding.  In *Zeitlin* v. *Zeitlin*, 202 Mass. 205, the decision related to a divorce granted in this Commonwealth.  In *Gallup* v. *Gallup*, 271 Mass. 252, the proceedings were in the Probate Court which in any event had jurisdiction.  *Nicolai* v. *Nicolai*, 283 Mass. 241, is not relevant to the issue here raised.

The necessary conclusion is that the Mexican divorce cannot be recognized as valid in this proceeding.  *Corkum* v. *Clark*, 263 Mass. 378.  Therefore the Superior Court had no jurisdiction over the petition under G. L. (Ter. Ed.) c. 208, § 29.

The Superior Court did not have jurisdiction apart from G. L. (Ter. Ed.) c. 208, § 29. That court has a wide jurisdiction in civil actions. G. L. c. 212, § 4; c. 214, § 1. Since for the purposes of this proceeding the petitioner and respondent must be regarded as validly married, the Probate Court would have had jurisdiction to enter a valid decree as to the custody of their child. G. L. (Ter. Ed.) c. 209, §§ 32, 37. *Gallup* v. *Gallup*, 271 Mass. 252. In the facts here disclosed jurisdiction over the custody of the child is exclusively in the Probate Court under G. L. (Ter. Ed.) c. 215, § 4.

It follows that there was error in denying the motion of the petitioner to dismiss his petition for want of jurisdiction in the Superior Court to adjudicate its issues. It becomes unnecessary to consider the other points argued. The final decree must be reversed and a decree be entered dismissing the petition for want of jurisdiction.

*Ordered accordingly.*