Hellen S. KELLY, Appellant,

v.

Patricia Ann LAYTON, Appellee.

No. 17017.

United States Court of Appeals
Eighth Circuit.

Nov. 13, 1962.

Rehearing Denied Dec. 10, 1962.

Sylvan Agatstein, St. Louis, Mo., Shifrin, Treiman, Agatstein & Schermer, St. Louis, Mo., and Lueders & Robertson and Leo Konzen, Granite City, Ill., on the brief, for appellant.

Joseph G. Stewart, St. Louis, Mo., Dowd & Dowd and Robert G. Dowd, St. Louis, Mo., on the brief, for appellee.

Before SANBORN and BLACKMUN, Circuit Judges, and REGISTER, District Judge.

SANBORN, Circuit Judge.

Joseph N. Kelly, an employee of the Union Electric Company of St. Louis, Missouri, and the holder of two certificates of life insurance under a group policy which was issued to his employer by the General American Life Insurance Company on June 22, 1945, died on August 31, 1960. There were two claimants for his life insurance. One was Patricia Ann Layton (formerly Patricia Ann Kelly), the only child of the insured by his first wife, June Kelly, now June Kelly Wallis, whom he married on April 25, 1937, and by whom he was divorced on July 27, 1948. The daughter, Patricia Ann, born in 1938, was the sole beneficiary named in the original certificates of insurance. They were delivered to her mother, who retained possession of them from the time of their issuance in 1945 until the death of the insured.

The other claimant for the insurance in suit was Hellen S. Kelly, the second wife of the insured, whom he married May 1, 1950, and who at the time of his death was the beneficiary of his life insurance according to the records of the Insurance Company; this because, under date of November 26, 1954, he had sent to the Company an affidavit stating that his certificates of insurance had been lost or misplaced and asking that duplicate certificates be issued, and had filed a request that the beneficiary be changed to his wife, Hellen S. Kelly.

Confronted by these adverse claims, the Insurance Company filed in the District Court a Bill of Interpleader and an Amended Bill of Interpleader naming the claimants (citizens of different states) as defendants, deposited in the Registry of the court the amount of insurance called for under the certificates and the group policy, and bowed out of the controversy between the claimants.

The District Court tried the issues raised by the adverse claims asserted by the defendants in their respective answers to the Amended Bill of Interpleader. The court determined that the daughter, who was the sole beneficiary named in the original certificates, is entitled to the proceeds of the insurance, and entered judgment accordingly. Hellen S. Kelly, the widow of the insured, has appealed.

The basis for the District Court's determination that the daughter is entitled to her father's life insurance in suit is stated in its Findings of Fact and Conclusions of Law as follows:

"The Court further finds that on the 27th day of July, 1948, the Circuit Court of the City of St. Louis, Missouri, entered its decree of divorce upon the petition of June Kelly and against Joseph N. Kelly. In said action custody of Patricia Ann, plaintiff [*sic*] here, was granted to June Kelly and Joseph N. Kelly was ordered to pay $40.00 per month, payable at the rate of $20.00 on the first day of each month and $20.00 payable on the fifteenth day of each month, for the support of Patricia Ann. Thereafter at various times Joseph N. Kelly became in arrears in his payments of support money. Joseph N. Kelly, in order to prevent execution upon his wages and his property, entered into an agreement with June Kelly, now June Kelly Wallis, the mother of plaintiff [*sic*], whereby in consideration of June Kelly Wallis' agreement not to levy upon his property should he become in arrears in his payments for the support of Patricia Ann or in any way fail to fully comply with the order of the Circuit Court of the City of St. Louis, Missouri, he, Joseph N. Kelly, would not at any time in the future change the beneficiary of said policies. The Court further finds in furtherance of his agreement he permitted June Kelly Wallis to retain physical possession of the certificates evidencing the insurance on his life, all for the benefit of Patricia Ann Layton.

"The Court further finds that thereafter on November 26, 1954, and during the minority of plaintiff [*sic*] and while the decree of the Cir-

cuit Court respecting support of plaintiff [*sic*] here was still in force, the deceased, in violation of his agreement with June Kelly Wallis, falsely made an affidavit reciting that the certificates evidencing the insurance had been 'misplaced' for the purpose of then effecting a change of beneficiary; that thereafter the General American Life Insurance Company issued its change of beneficiary form naming defendant, Hellen S. Kelly, beneficiary under said certificates.

"Conclusions of Law.

"Joseph N. Kelly during his lifetime entered into a valid contract upon sufficient consideration with his former wife, June Kelly Wallis, to make Patricia Ann Kelly, now Patricia Ann Layton, irrevocable beneficiary under the certificates evidencing his insurance coverage with plaintiff; that Joseph N. Kelly conferred no right upon Hellen S. Kelly, who was expressly and gratuitously named beneficiary subsequent to his entering into the contract with June Kelly Wallis. * * *"

The contentions of the appellant, briefly stated, are: (1) that the findings of the District Court are unsupported by substantial credible evidence and are clearly erroneous; (2) that the testimony of June Kelly Wallis, the mother of Patricia Ann Layton, upon which the trial court's findings were based, would, if accepted as true, establish merely an agreement to have the insurance certificates stand as security for the payment of support money; (3) that the terms of the master group policy precluded any assignment of the insurance contracts by the insured, and reserved to him the indefeasible right to change the beneficiary; and (4) that the insured, prior to his death, effectively made Hellen S. Kelly the beneficiary of his insurance.

■■ The question we are called upon to decide is not whether the District Court reached a correct conclusion but whether it reached a permissible one in view of the evidence and applicable Missouri law. Pendergrass v. New York Life Ins. Co., 8 Cir., 181 F.2d 136, 137–138; Guyer v. Elger, 8 Cir., 216 F.2d 537, 540–541; Homolla v. Gluck, 8 Cir., 248 F.2d 731, 733; Village of Brooten v. Cudahy Packing Co., 8 Cir., 291 F.2d 284, 288. In deciding whether there is a sufficient evidentiary basis for the determination of the trial court, we must take that view of the evidence and the inferences deducible therefrom which is most favorable to the prevailing party. Cleo Syrup Corporation v. Coca-Cola Co., 8 Cir., 139 F.2d 416, 418, 150 A.L.R. 1056.

■ The evidence of June Kelly Wallis in support of her daughter's claim, if believed and accorded face value, adequately sustains the fact findings of the trial court relating to the insured's agreement not to change the original beneficiary. The evidence, largely documentary, introduced on behalf of Hellen S. Kelly to discredit the assertion of Mrs. Wallis that the insured had, after their divorce, at times been in arrears or in default in the payments of support money under the divorce decree, cast doubt upon the credibility of June Kelly Wallis and the weight of her evidence. The District Court, however, was the trier of the facts and the judge of the credibility of the witnesses and the weight of their evidence. We cannot say that the record shows conclusively that the testimony of Mrs. Wallis was so completely discredited that this Court justifiably could rule that as a matter of law there was no evidence whatever which would sustain the trial court's determination and judgment.

Cases such as this, involving the question whether a change of beneficiary in a policy of insurance under circumstances somewhat comparable to those of the instant case, present one of the most troublesome problems of life insurance law. The following statement, respecting such controversies, from Vance on

Insurance, Third Edition, Ch. 11, Sec. 109, page 684, appropriately may be quoted:

"The prime reason for the confusion in the cases is no doubt due to the fact that here, as perhaps nowhere else, the courts appear to weigh heavily the equities of the adverse claimants. The courts have no difficulty in finding decisions justifying fully their actions awarding the proceeds to the ones considered by the courts to be the deserving claimants. In any study of the cases involving changes in beneficiary we cannot, therefore, overlook the equities of the situation and particularly the relationship between the insured and the claimants. Abstract statements of the law, always dangerous, are especially dangerous here."

■ It is recognized generally that circumstances may give rise to equities in favor of a beneficiary in a life insurance policy which will deprive the insured of the right to make a change, although the policy expressly permits it. See McDonald v. McDonald, 212 Ala. 137, 102 So. 38, 36 A.L.R. 761, 768; Prudential Ins. Co. of America v. Rader, D.C. Minn., 98 F.Supp. 44; Thomson v. Thomson, 8 Cir., 156 F.2d 581, 585–586, certiorari denied, 329 U.S. 793, 67 S.Ct. 370, 91 L.Ed. 679; Candler v. Donaldson, 6 Cir., 272 F.2d 374, 376–378. Cf. Doering v. Buechler, 8 Cir., 146 F.2d 784, 787; Carter v. Thornton, 8 Cir., 93 F.2d 529.

The case of Bimestefer v. Bimestefer, 205 Md. 541, 109 A.2d 768, is persuasive that under Maryland law the insured could not have made an irrevocable gift of his insurance certificates to his daughter or have disabled himself from changing the beneficiary to his second wife. The daughter is, however, not relying upon a gift of the policy or an assignment of it, but upon what she claims was an enforceable agreement by the insured, for her benefit, not to make any change of beneficiary. This Court has held, in effect, that to change the beneficiary in a life insurance policy is not to assign the policy, but is to exercise a power of appointment reserved to the insured. Carter v. Thornton, 8 Cir., supra, page 531 of 93 F.2d.

■ We need go no further here than to say that the appellant has not demonstrated, nor can we demonstrate, that the determination of the trial court—that the insured had, by agreement with his first wife for the benefit of their daughter, disabled himself from substituting his second wife as the beneficiary of his insurance—is based upon any misconception or misapplication of Missouri law or is completely lacking in substantial evidentiary support. We think the court reached a permissible conclusion.

The judgment appealed from is affirmed.