**In re Petition for Naturalization of
CHONG JAH ALIX.
No. 26468.**

United States District Court
D. Hawaii.
Jan. 21, 1965.

John J. Ciabattari, Designated Naturalization Examiner.

TAVARES, District Judge.

Chong Jah Alix, a native and national of Korea, purported to marry Francis Alix, a citizen of the United States, on October 19, 1961, in Korea. She has filed a petition for naturalization under 8 United States Code, Section 1430(b), as the alleged wife of a citizen of the United States. If she is the wife of Francis Alix, she is entitled to be naturalized under that section. If she is not his wife, she is not entitled to be naturalized under that section.

Prior to his purported marriage to petitioner, Francis Alix was married to Mauzzez Baran Alix. At all times mate-

rial here, both Francis Alix and Mauzzez Baran Alix were domiciled and resided in the State of Massachusetts. Prior to said purported marriage, Francis Alix obtained a divorce from Mauzzez Baran Alix in Mexico by mail and neither of them appeared in Mexico in connection with it. Mauzzez Baran Alix is still alive.

 As long as Francis Alix and Mauzzez Baran Alix were domiciled and resided in Massachusetts, that State had the exclusive right to regulate the dissolution of their marriage.[1] Inasmuch as neither of them was domiciled, resided or was physically present in Mexico at the commencement of the proceedings for divorce, Massachusetts, subject to the possibility hereinafter mentioned, would not recognize that divorce as valid.[2]

It might be that, if Korea would recognize said Mexican divorce as valid, Massachusetts would do so. At all times material here, the law of Korea as to divorces obtained in other countries was as follows:

"Divorce shall be governed by the law of the home country of the husband at the time of the occurrence of the fact forming its cause. * * *"[3]

At the time of the occurrence of the facts constituting the grounds upon which said divorce was granted the law of Massachusetts as to divorces obtained in Mexico by persons domiciled and residing in Massachusetts was as is hereinabove set out—Massachusetts would not recognize them as valid. The Court is of the view that the words "home country" in the Korean law quoted above means, as applied to the case at bar, the State of Massachusetts. Even if said words mean the United States, the United States, which is here asked to recognize as valid the purported marriage between petitioner and Francis Alix, would determine the validity of the divorce herein involved by the law of Massachusetts.

For the foregoing reasons the Court finds that the divorce obtained in Mexico by Francis Alix from Mauzzez Baran Alix was and is invalid, that, consequently, the purported marriage between petitioner and Francis Alix is void and that, therefore, she is not the wife of Francis Alix.

The petition of Chong Jah Alix for naturalization is hereby denied.

---

1. 27A C.J.S. Divorce § 8a, p. 25. See, also, Williams v. State of North Carolina (1945), 325 U.S. 226, 241, 65 S.Ct. 1092, 89 L.Ed. 1577.

2. Bergeron v. Bergeron (1934), 287 Mass. 524, 192 N.E. 86.

3. The Horei, Section 16.