**METROPOLITAN LIFE INSURANCE COMPANY, a corporation, Plaintiff,**

v.

**Karen Sue MARCOULIER, Michael Marcoulier, a minor, Katherine Marcoulier, a minor, Russell Marcoulier, a minor, and Janet A. Marcoulier, Defendants.**

No. 69 C 355 (A).

United States District Court,
E. D. Missouri, E. D.
Jan. 20, 1971.

P. Terrence Crebs, Fordyce, Mayne, Hartman, Renard & Stribling, St. Louis, Mo., for plaintiff.

Joseph J. Becker, James Q. Brown (co-counsel), Clayton, Mo., for minor defendants and defendant Karen Sue Marcoulier.

Richard J. Sheehan, Armstrong, Teasdale, Kramer & Vaughan, St. Louis, Mo., for defendant Janet A. Marcoulier.

## MEMORANDUM OPINION AND ORDER

HARPER, Chief Judge.

This is an interpleader action filed by the Metropolitan Life Insurance Company against Karen Sue Marcoulier, her minor children (Michael, Katherine and Russell), and Janet A. Marcoulier, to determine the right to the proceeds of a life insurance policy issued by the above mentioned insurance company on the life of Leo R. Marcoulier. Defendants, Karen Sue Marcoulier and her minor children, are domiciled in the State of Missouri. Defendant, Janet A. Marcoulier, is a citizen of the State of Washington, employed by the Defense Department, and at the time of the trial residing in the Netherlands. This court has jurisdiction pursuant to 28 U.S.C.A. § 1332 and 28 U.S.C.A. § 1335.

This court tried the issues raised by the adverse claimants. The material facts are not in dispute and are as follows:

(1) On May 16, 1959, defendant, Karen Sue Marcoulier, married Leo Marcoulier, who was at that time and until his death a career soldier in the United States Army. Three children were born of that marriage. The three children, the defendants Michael, Katherine and Russell, are all minors, and their aunt, Zora Kathleen Blackmon, was appointed by this court as their guardian ad litem. These three defendants will hereafter be referred to as "minor children".

(2) In 1962, the life insurance policy in issue was secured from the Metropolitan Life Insurance Company. The policy provides that the insured is Leo Marcoulier. The policy further provides that "the owner may change the beneficiary designated to receive any amount payable by reason of the death of a person insured under this policy * * *." With regard to benefit payments, the policy provides that "the amount payable if the insured dies will be paid to the insured wife, if living, when the insured dies."

(3) On January 14, 1964, Leo Marcoulier, the insured, directed Metropolitan Life Insurance Company to pay benefits upon his death to the minor children who appear as defendants in this action.

(4) On March 24, 1964, the Civil Courts of Poitiers, France, entered a decree that purportedly divorced the defendant, Karen Sue Marcoulier, from Leo Marcoulier. At the time of the divorce decree, Karen Sue Marcoulier was in the State of Massachusetts, and Leo Marcoulier was stationed in France under orders issued by the United States Army.

(5) On May 13, 1964, Leo Marcoulier personally filed a petition in the Probate Court of Worcester County in the Commonwealth of Massachusetts, seeking custody of the minor children who are named as defendants in this action.

(6) On May 18, 1964, a stipulation between Karen Sue Marcoulier and Leo Marcoulier was entered into and made a part of the divorce decree in France by the order of a Massachusetts Probate Judge. The terms of the stipulation provided for monthly support payments, custody and visits of the minor children, and the classification of the minor children as the father's dependents for income tax purposes. The stipulation further provided that "the said Leo Marcoulier shall continue in force such insurance policies presently outstanding in which the minor children are named as beneficiaries therein." At the time of the Massachusetts decree, both Karen Sue Marcoulier and Leo Marcoulier were represented by attorneys, and the minor children were residing and domiciled in the State of Massachusetts.

(7) On September 19, 1964, Leo Marcoulier notified Metropolitan Life Insurance Company that Silvia Marcoulier was his wife, and then listed his minor children as revocable contingent beneficiaries. Leo Marcoulier married Silvia after his divorce from defendant, Karen

Sue Marcoulier, and then was divorced from Silvia in Florida prior to his third marriage to defendant, Janet Marcoulier.

(8) On September 14, 1968, Leo Marcoulier married defendant, Janet Marcoulier. Thereafter, on October 10, 1968, Leo Marcoulier notified the insurance company that Janet Marcoulier was his wife. The minor children were not specified as beneficiaries in this notification.

(9) Leo Marcoulier died on June 6, 1969. At the time of his death, Janet Marcoulier and Leo Marcoulier were living together as husband and wife.

It is contended by the defendant, Karen Sue Marcoulier, that the minor children are entitled to the proceeds of the life insurance under the terms and conditions of the stipulation and modification of the decree of divorce entered into between the deceased and Karen Sue Marcoulier on May 18, 1964.

The minor children contend that they were designated beneficiaries of said policy by the deceased on January 14, 1964, and that the stipulation and decree of May 18, 1964, prevented Leo Marcoulier from making any change in beneficiaries. Leo Marcoulier consented to the decree and the minor children contend he is deprived both by court decree and by contract of the power to effectively change beneficiaries thereafter, even though the terms of the policy expressly provide for such changes.

The claim by defendant, Janet Marcoulier, for the proceeds of the policy rests upon the terms of the policy. Under the policy, "the amount payable if the insured dies will be paid to the Insured Wife, if living, when the insured dies." Since the insured listed Janet Marcoulier as his wife in his final notification to the insurance company, she claims she is entitled to the proceeds in question. Janet Marcoulier contends that she is entitled to the proceeds of the policy and that the stipulation of May 18, 1964, is not binding as the court lacked jurisdiction to render such a decree. Moreover, the stipulation is not enforceable as a contract as there was present no valuable consideration to support the promise of Leo Marcoulier. Lastly, the defendant, Janet Marcoulier, maintains that the other claimant could not obtain a vested right in the proceeds of the policy even if the stipulation of May 18, 1964, was enforceable as a court decree or contract. The reason for this is that Leo Marcoulier was under no obligation to keep the children as beneficiaries.

Confronted by these adverse claims, the insurance company filed a bill of interpleader and named the above mentioned claimants as defendants, deposited the sum of Twenty-Two Thousand Eight Hundred Six Dollars and Twenty-Five Cents ($22,806.25) into the registry of the court, and was then permitted by the court to withdraw from the controversy.

■ All claimants present arguments as to the validity of the French divorce decree in 1964. However, it is unnecessary for this court to pass upon this issue as the minor children are entitled to the proceeds of the policy regardless of the validity or invalidity of the French decree. The decree of support was rendered in Massachusetts, and this court will apply the laws of that state.

■ At the time of the stipulation, both Karen Sue Marcoulier and Leo Marcoulier were represented by counsel in the proceedings and the minor children were residing and domiciliaries of the Commonwealth of Massachusetts. It is axiomatic that the Probate Court of Massachusetts could and did act in this case to protect the welfare of its citizens. Annotated Laws of Massachusetts, c. 208, § 29, provides for the support of minor children when a divorce is obtained out of the Commonwealth:

"If, after a divorce has been decreed in another jurisdiction, minor children of the marriage are inhabitants of or residents in this commonwealth, the superior or probate court for the county in which said minors or any of them are inhabitants or residents, upon petition of either parent or of a next

friend in behalf of the children, after notice to both parents, shall have the same power *to make decrees relative to their care, custody, education and maintenance, and to revise and alter such decrees or make new decrees, as if the divorce had been decreed in this commonwealth."* (Emphasis added.)

Annotated Laws of Massachusetts, c. 209, § 37, then provides for the support of minor children when the parents are living separately:

"If the parents of minor children live apart from each other, not being divorced, the probate court for the county in which said minors or any of them are residents or inhabitants, upon petition of either parent, or of a next friend in behalf of the children after notice to both parents, *shall have the same power to make decrees relative to their care, custody, education and maintenance, and to revise and alter such decrees or make new decrees, as the superior court has relative to children whose parents are* divorced." (Emphasis added.)

From the very wording of the above two statutes, it is evident that the Massachusetts' legislature recognized the necessity of court decrees in order to provide for the welfare of minor children located within the Commonwealth, regardless if the parents be divorced or separated. In Gallup v. Gallup, 271 Mass. 252, 171 N.E. 464 (1930), the Supreme Court of Massachusetts held that the probate court had jurisdiction to enter decrees that provided for the care, custody, education and maintenance of minors, regardless of the validity of the foreign divorce. In considering the above mentioned statutes, the court in the *Gallup* case stated at 465:

"Whether it (divorce) is valid or invalid in Massachusetts is immaterial, the necessity for action such as the statute contemplates is the same."

Likewise, in both In re Cameron's Estate, 306 Mass. 138, 27 N.E.2d 696, 697, 698 (1940), and Conley v. Conley, 324 Mass. 530, 87 N.E.2d 153, 155 (1949), the probate courts of Massachusetts have recognized that both of the above statutes have the same purpose, that is, to provide for the well being of the state's minor children. Defendant, Janet Marcoulier, contends that under Bergeron v. Bergeron, 287 Mass. 524, 192 N.E. 86 (1934), the probate court lacks authority to render a support decree if the divorce is invalid, but such is not the holding of that case. In the *Bergeron* case, the court only held that the *Superior Court* (not Probate Court) had no jurisdiction where the foreign decree of divorce is void. The court specifically supported the rationale as previously expressed in Gallup v. Gallup, supra. Since the *probate court* rendered the decree in this case, the *Bergeron* case is inapplicable. In Whitney v. Whitney, 325 Mass. 28, 88 N.E.2d 647, 650, 651 (1949), the court stated:

"A decree is binding and conclusive upon the parties thereto and cannot be collaterally attacked so long as it stands. It settles all matters which were necessarily involved and all issues which are actually tried and determined until reversed, revised or modified."

Thus, in light of the above mentioned case, the decree as rendered by the Massachusetts probate court is binding as there was no subsequent modification of the decree.

In determining under the laws of Massachusetts that the decree as rendered is binding, it is necessary to examine the provisions of the stipulation in order to determine what, if any, obligations Leo Marcoulier owed to the minor children. Defendant, Janet Marcoulier, maintains that the terms of the stipulation did not require that the children remain as beneficiaries, but only that the policy would be kept up and not allowed to lapse. The provision in issue provides:

"That the insured, Leo R. Marcoulier, shall continue in force such insurance policies presently outstanding in which the said minor children are named as beneficiaries therein."

Under Farrington v. Boston Safe Deposit & Trust Company, 280 Mass. 121, 181 N.E. 779, 781 (1932), it is only the language of the decree that is to be interpreted by the court. There are a total of six provisions within the stipulation. All six provisions concern themselves with providing for the welfare of the minor children. Five of the provisions relate to the rights and duties of the consenting parties during the lifetimes of the parents. The provision in question relates to the payment of life insurance premiums and the policy beneficiaries. The language of the decree makes the minor children beneficiaries of the life insurance policy. Such is the natural and obvious meaning of the decree and the stipulation. If this court were to maintain that the above mentioned provision did not require Leo Marcoulier to retain the minor children as beneficiaries, the court decree would have no real meaning.

Therefore, it is the opinion of this court that the Massachusetts probate court decree of May 18, 1964, prevented Leo Marcoulier from thereafter changing beneficiaries without first obtaining a modification of the above mentioned decree. The decree is final under Massachusetts law and is entitled to full faith and credit in this court. United States Constitution, Article IV, § 1. Accordingly, the proceeds of the policy are payable to the minor children.

Even if this court were to hold that the decree entered by the Massachusetts court was not valid, the stipulation between defendant, Karen Sue Marcoulier, and Leo Marcoulier for the benefit of the minor children would vest the proceeds of the policy in the same manner as accomplished by the court decree.

It is well established in Massachusetts that the terms of an agreement can preclude the insured from making a change of beneficiaries, even though the terms of the policy may provide for such a change. In Handrahan v. Moore, 332 Mass. 300, 124 N.E.2d 808 (1955), the Supreme Court of Massachusetts held that the trustee acquired an equitable interest in the divorced husband's life policies, wherein the divorced first wife, a beneficiary of the trust, was named under an agreement prior to the husband's naming of his second wife as beneficiary of the same policy. The court stated at 809:

"The agreement between Moore and his wife through their daughter, the plaintiff, was based upon a valuable consideration. It settled the rights of Moore and his wife in their property, the extent he was to contribute to her maintenance and support, and her right to secure the payment of $10,000 from the proceeds of insurance upon his life in case he should predecease her."

The court further stated at 810:

"We think the plaintiff acting as trustee for her mother acquired an equitable interest in the policies by virtue of the contract with her father and her right to enforce the contract and to collect the proceeds of these policies was superior to that of defendant second wife. * * *

"The fact that the two policies were made formally payable to Moore's second wife * * * does not * * * bar this suit to enforce the first wife's right in the proceeds. (Citing cases.)"

The Handrahan case settles the issue now before this court. For in both instances, the cases involve agreements being made for the benefit of third persons by which substantial property rights are decided. In this case, the agreement between Karen Sue Marcoulier and Leo Marcoulier was based upon the following considerations: First, it settled the amount that Leo Marcoulier was to contribute to the support of the minor children; and second, it decided that Leo Marcoulier could classify the children as dependents for income tax purposes. Under Handrahan, this agreement precluded Leo Marcoulier from effectively making a change of beneficiaries thereafter.

In Massachusetts Linotyping Corporation v. Fielding, 312 Mass. 147, 43 N.E.

2d 521, 524 (1942), the Massachusetts court emphasized the need for applying the principles of equity when determining one's right to the proceeds of insurance.

In Kelly v. Layton, 309 F.2d 611 (8th Cir. 1962), the Eighth Circuit Court of Appeals confronted a situation similar to the one now before this court and stated at 613, 614:

"Cases such as this, involving the question whether a change of beneficiary in a policy of insurance under circumstances somewhat comparable to those of the instant case, present one of the most troublesome problems of life insurance law. The following statement, respecting such controversies, from Vance on Insurance, Third Edition, Ch. 11, Sec. 109, page 684, appropriately may be quoted: 'The prime reason for the confusion in the cases is no doubt due to the fact that here, as perhaps nowhere else, the courts appear to weigh heavily the equities of the adverse claimants. The courts have no difficulty in finding decisions justifying fully their actions awarding the proceeds to the ones considered by the courts to be the deserving claimants. *In any study of the cases involving changes in beneficiary we cannot, therefore, overlook the equities of the situation and particularly the relationship between the insured and the claimants.* Abstract statements of the law, always dangerous, are especially dangerous here.'" (Emphasis added.)

In light of Handrahan v. Moore, supra, and Massachusetts Linotyping Corporation v. Fielding, supra, it is evident that the Supreme Court of Massachusetts is mindful of the rightful function and role that equity possesses with regard to changes in beneficiary in life insurance cases. This theory is generally recognized by the courts.

In this case the equities are clearly with the children. Karen Sue Marcoulier testified that Leo Marcoulier informed her that he would continue to provide life insurance for the minor children, and that she knew that the minor children were listed as beneficiaries on the policy in issue here when the agreement was entered into. From the terms of the agreement and the testimony of Karen Sue Marcoulier, Leo Marcoulier recognized an obligation and provided for the welfare of his minor children in the event of his death. As a result of this agreement, Leo Marcoulier thereby precluded himself from thereafter changing the beneficiaries in the policy. Thus, the proceeds of the policy are payable to the minor children. The actual payment can only be made to a legally designated guardian for the minor children.

The clerk will enter judgment for Zora Kathleen Blackmon, guardian ad litem of the minor children, for the sum of $22,806.25, interpleaded in court, less $79.64 paid out of said fund to the plaintiff herein.