OPINION OF THE COURT
John R. Tenney, J.
Anthony J. Zinga, Jr., brings this action to enforce the terms of a separation agreement between his late father, Anthony Jr. Zinga, Sr., and his mother, Carmella T. Zinga. This agreement was dated April 4, 1972, and at paragraph 4, states as follows: "The Husband agrees to maintain and keep in effect his present life insurance policies naming his child as beneficiary.” The plaintiff in this proceeding is the child referred to in the separation agreement. Mr. Zinga argues that the provision of the separation agreement puts him in the position of a third-party beneficiary, and that, therefore, he was entitled to enforce the contract and receive the proceeds of the policy at the time of his father’s death. (Ferro v Bologna, 31 NY2d 30; Forman v Forman, 17 NY2d 274.)
*618 In this case, the wife, Carmella Zinga, contracted with her husband, Anthony J. Zinga, Sr., to provide for the support of their child. In the separation agreement, Mr. Zinga agreed to name their son, Anthony J. Zinga, Jr., as beneficiary of his insurance policies. He had informed his wife that he had carried out this provision of the separation agreement, and the insurance company records indicated that this is in fact what occurred. However, sonie time before the date of his death, Mr. Zinga changed the beneficiary and designated his mother, Carmella Zenga. The plaintiff contends that this case falls in the same category as that which was presented to the court in Simonds v Simonds (45 NY2d 233) which affirmed the decision of this court in Herkirper County.
In the Simonds case, the court held that the contract was binding and that a constructive trust would be impressed upon the proceeds of the insurance policies or upon any insurance policies to the extent of the original agreement between the parties.
The Court of Appeals acknowledged the principle that the beneficiary could follow the proceeds and stated in part, "Due to the husband’s failure to do what he should have done, the first wife acquired not only a right at law to sue his estate for breach of contract, a right now worthless, but also an equitable right in the policies, a right which, upon the husband’s death, attached to the proceeds^’. (Simonds v Simonds, supra, p 240.)
The issue in this case is whether this right can be continued when a third-party beneficiary is the recipient. The same principle does apply because the husband or any contracting party should not be able to defeat the objective of the contract by transferring the proceeds to a third party. It would be totally inconsistent with Simonds for the court to limit its effect to a contract between the husband and wife alone. The Simonds decision stands for the proposition that a party to a contract may not relieve himsqlf of the obligations under the contract by creating a situation of impossibility of performance.
There is a precedent for a child to enforce an agreement made by others as a third-party beneficiary. In the case of a failure to designate as a beneficiary in a will, the court upheld the right of the child. (Todd v Weber, 95 NY 181; see, also, Sullivan v Sullivan, 161 NY 554, 557; Phalen v United States *619 Trust Co., 186 NY 178, 186; Seaver v Ransom, 224 NY 233; McClare v Massachusetts Bonding & Ins. Co., 266 NY 371.)
More recently, the court found that in such a case, the plaintiff would be categorized as a donee beneficiary and have an enforcible claim against the original insurance policy. (Weiner v Physicians News Serv., 13 AD2d 737.)
Thus, it is a proper application of the Simonds decision to hold that a third-party beneficiary would be entitled to impress a trust on proceeds of insurance to the extent of his interest as determined by the original agreement.
Therefore, the motion for summary judgment is granted.