KENNETH GREEN & another *vs.* DOROTHY UHLIG GREEN
& another.[1]

Suffolk.  November 17, 1981. — March 22, 1982.

Present: ARMSTRONG, BROWN, & KASS, JJ.

*Insurance,* Life insurance:  equitable charge on proceeds, Change of ben-
     eficiary.  *Divorce and Separation,* Agreement respecting life insurance.

Where a decedent and his first wife in connection with divorce proceed-
     ings had entered into a stipulation by which the decedent had agreed
     to maintain the children of his first marriage as beneficiaries under
     certain insurance policies on his life and where the decedent subse-
     quently substituted his second wife as the beneficiary under the poli-
     cies, the children were entitled to recover the proceeds of the policies
     from the second wife without first exhausting their remedies against
     the decedent's estate.  [342-344]

CIVIL ACTION commenced in the Suffolk Division of the
Probate and Family Court Department on October 13, 1978.
     The case was heard by *Fitzpatrick,* J.
     *Stephen R. Morse* for the plaintiffs.
     *Stephen W. Howe* for Dorothy Uhlig Green.
     ARMSTRONG, J.  Reuben Green, who died on Septem-
ber 5, 1978, played viola in the Boston Symphony Orches-
tra.  The year before his death he was divorced from his
first wife and entered into a stipulation, which was merged
in the divorce judgment, by which he undertook to main-
tain in effect certain insurance policies on his life and to
maintain the children of the first marriage as the beneficiar-
ies under those policies.  The plaintiffs are those children.
     On June 26, 1977, Reuben Green married the defendant
Dorothy Uhlig Green and in August made her the benefici-
ary under five of the seven policies referred to in the divorce

———————
     [1] Elliott E. Rosenberg, executor of the will of Reuben Green.

judgment without seeking modification. After his death the following year, Dorothy Uhlig Green received the proceeds of the five policies, which totaled $42,352.50.[2] The plaintiffs brought this action to recover the proceeds from her, or, in the event she was unable to pay the full amount, from the estate of Reuben Green. The judge ruled that the estate was primarily liable to pay the $42,352.50 to the plaintiffs, and that recovery directly against Dorothy Uhlig Green could be had only to the extent of any deficiency. There would be such a deficiency in actuality, as it was agreed that the sole asset of the estate was a savings account with a balance of $35,854.24.[3] Reuben Green's will divided his estate evenly between a trustee for the plaintiffs on the one hand, and Dorothy Uhlig Green on the other, so that the effect of the judge's ruling was to exhaust the plaintiffs' share of the estate in the partial satisfaction of their claim to the insurance money. The plaintiffs appealed.

The position of the defendant Dorothy Uhlig Green is that the stipulation entered into at the time of the divorce gave rise to a contractual obligation which Reuben Green broke when he changed beneficiaries; that the plaintiffs may secure relief against his estate by means of an action on the contract; and that relief against the defendant Dorothy Uhlig Green, being equitable in nature, is barred to the extent that the remedy at law is adequate. She does not deny her liability under the principles set forth in *Massachusetts Linotyping Corp.* v. *Fielding*, 312 Mass. 147, 149 (1942), and *Handrahan* v. *Moore*, 332 Mass. 300, 303-304 (1955), but argues that, as the findings do not indicate that the change of beneficiaries resulted from some culpability on her part, her liability is secondary and that the plaintiffs are first required to exhaust their remedies against the executor as representative of the culpable decedent.

---

[2] The proceeds of the two policies which remained payable to the plaintiffs totalled $2,525.74.

[3] That asset may be subject to a claim by a creditor; the record is unclear on the point.

Dorothy Uhlig Green cites no case which stands, even inferentially, for the proposition she advances. *Lock* v. *Lock,* 8 Ariz. App. 138 (1968), *Greenberg* v. *Greenberg,* 264 Cal. App. 2d 896 (1968), and *Gray* v. *Bush,* 430 S.W. 2d 258 (Tex. Civ. App. 1968), all support the contention that the estate of the insured may be liable for the insured's breach of a separation agreement; but while each of those cases precluded equitable relief, the reasons given have no application whatever to the case before us. And while it is true, as Dorothy Uhlig Green points out, that in *Massachusetts Linotyping Corp.* v. *Fielding* and *Handrahan* v. *Moore* the estates were insolvent, so that the only sources of recovery, as a practical matter, were the policy proceeds, the insolvency of the estates was mentioned only in passing and did not constitute a part of the rationale of the decisions.

The cases are legion in which wives or children who were removed as beneficiaries of life insurance policies in violation of the terms of separation agreements or divorce judgments have been permitted to recover the proceeds of such policies either from the improperly substituted beneficiaries[4] or, where the proceeds had not been paid out, from the insurers.[5] By reason of the power typically reserved by the

---

[4] *Hirsch* v. *Travelers Ins. Co.,* 134 N.J. Super. 466 (1975). *Simonds* v. *Simonds,* 45 N.Y. 2d 233 (1978). *Zinga* v. *Zenga,* 104 Misc. 2d 617 (N.Y. Sup. Ct. 1979). *Augustine* v. *Szwed,* 77 App. Div. 2d 298 (N.Y. 1980). *McKissick* v. *McKissick,* 93 Nev. 139 (1977). *Richards* v. *Richards,* 58 Wis. 2d 290 (1973). Contrast *Ridgeway* v. *Ridgeway,* 454 U.S. 46 (1981) (holding that under the Supremacy Clause of the United States Constitution the first wife cannot impose a constructive trust on the proceeds of a G. I. insurance policy because the Federal interest in assuring servicemen the freedom to name their beneficiaries outweighs the State interest in enforcing the divorce decree).

[5] *Metropolitan Life Ins. Co.* v. *Marcoulier,* 322 F. Supp. 246 (E.D. Mo. 1971) (using Massachusetts law). *Thomson* v. *Thomson,* 156 F.2d 581 (8th Cir. 1946). *Mutual Life Ins. Co.* v. *Franck,* 9 Cal. App. 2d 528 (1935). *Brunnenmeyer* v. *Massachusetts Mut. Life Ins. Co.,* 66 Ill. App. 3d 315 (1978). *Lincoln Natl. Life Ins. Co.* v. *Watson,* 71 Ill. App. 3d 900 (1979). *Jacobson* v. *New York Life Ins. Co.,* 199 Iowa 770 (1925). *MacDonald* v. *Conservative Life Ins. Co.,* 292 Mich. 182 (1940). *Prudential Ins. Co. of America* v. *Gibson,* 421 S.W.2d 26 (St. Louis Ct. of App. 1967). *Locomotive Engrs. Mut. Life & Acc. Ins. Assn.* v. *Locke,* 251 App.

terms of the policy to the insured to change beneficiaries, the insured has the right as against the insurer to change beneficiaries; but by virtue of a separation agreement or divorce judgment which provides that the insured shall not exercise that power, he has no such right as between himself and the parties to the agreement or judgment. *Massachusetts Linotyping Corp.* v. *Fielding,* 312 Mass. at 149. The beneficiary, in such a case, has a vested equitable interest. *Id. Handrahan* v. *Moore,* 332 Mass. at 303. The interest of the beneficiary under a life insurance policy is analogized to the interest of a beneficiary of a trust, *Kruger* v. *John Hancock Mut. Life Ins. Co.,* 298 Mass. 124, 129 (1937), and the insured policy-owner who is obligated not to change beneficiaries despite his power to do so is treated as a fiduciary. *Simonds* v. *Simonds,* 45 N.Y. 2d 233, 241-242 (1978).

It is doubtful that a contract claim against the estate is viable in this case, it being unlikely that the stipulation regarding support survived the judgment as a separate agreement. There is little doubt in our minds that an equitable claim lies against the estate for Reuben Green's breach of his fiduciary duty. Compare *Commissioner of Banks* v. *Harrigan,* 291 Mass. 353, 355-356 (1935). Nor is there any doubt that a remedy available to the plaintiffs is to pursue the policy proceeds in the hands of the insurer or a person, such as the defendant Dorothy Uhlig Green, who has received the proceeds gratuitously or with knowledge of the plaintiffs' equitable interest. As between the two remedies, the rule appears to be that the person having the equitable interest in the property may pursue either the property, or the fiduciary who improperly disposed of the property, or both, at the election of the person having the equitable interest. See *Hervey* v. *Rawson,* 164 Mass. 501, 503-504 (1895); *Tierney* v. *Coolidge,* 308 Mass. 255, 260-261 (1941); 4 Scott, Trusts §§ 295, 295.1 (3d ed. 1967).

---

Div. 146 (N.Y. 1937). *Supreme Lodge, Knights & Ladies of Honor* v. *Ulanowsky,* 246 Pa. 591 (1914). *Hundertmark* v. *Hundertmark,* 372 Pa. 138 (1952). *Traveler's Ins. Co.* v. *Gebo,* 106 Vt. 155 (1934).

As it is the plaintiffs, rather than the court, to whom the law gives the discretion with respect to remedies, it follows that the judgment must be revised to require Dorothy Uhlig Green to pay to the plaintiffs an amount equal to the proceeds of the policies which have been paid to her and, to the extent that they are unable to recover the full amount from her, that the executor shall be required to pay them the deficiency from the assets of the estate.

*So ordered.*