**BAILEY, Appellee,**

v.

**PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.**

[Cite as *Bailey v. Prudential Ins. Co. of Am.* (1997), 124 Ohio App.3d 31.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 97APE04–593.

Decided Oct. 23, 1997.

*Philip M. Collins & Associates* and *Douglas R. Jennings,* for appellee.

*Nathan A. Durst,* for appellant.

DESHLER, Judge.

This is an appeal by defendant, Mary Kay Maksem, from a judgment of the Franklin County Court of Common Pleas, finding in favor of plaintiff, Susan E. Bailey, on a claim for life insurance proceeds, and against defendant on a counterclaim under which defendant sought to impose a constructive trust on proceeds of a group policy of insurance covering the life of Edward J. Maksem, now deceased.

The material facts of this case are not in dispute and the matter was submitted to the trial court on stipulated facts. Edward J. Maksem, an employee with Ohio Bell Telephone Company, had a group policy of life insurance through the company. Mary Kay Maksem ("defendant") is the ex-wife of Edward Maksem;

the parties were divorced in 1983. Pursuant to the divorce decree rendered on May 11, 1983, Edward Maksem was ordered to maintain defendant as the beneficiary of $10,000 of life insurance. A group policy of insurance was issued by the Prudential Insurance Company of America ("Prudential"), dated January 9, 1984, under which defendant was designated as the beneficiary of $10,000 of life insurance.

On November 28, 1995, in contravention of the divorce decree, Edward J. Maksem revoked the January 9, 1984 beneficiary designation and executed a new beneficiary designation, naming the plaintiff, Susan E. Bailey, as the sole beneficiary of the life insurance proceeds. Edward J. Maksem died on March 28, 1996.

On July 17, 1996, plaintiff filed a complaint against Prudential, claiming that she was the named beneficiary of the policy and thus entitled to the proceeds. By agreed entry filed August 19, 1996, defendant was permitted to intervene pursuant to Civ.R. 24. Defendant filed an answer and counterclaim on September 4, 1996. In the counterclaim, defendant alleged that she was entitled to the proceeds by virtue of the divorce decree entered on May 11, 1983.

On November 5, 1996, plaintiff filed a motion seeking to join the estate of Edward J. Maksem as a party defendant. Plaintiff subsequently filed a notice to withdraw that motion. By agreed entry filed December 10, 1996, partial judgment was granted to plaintiff in the amount of $33,035.46.[1] By agreed entry filed December 11, 1996, Prudential was dismissed from the action, having paid the proceeds of the policy into the court and thus fulfilling its payment obligation under the policy.

By decision filed February 28, 1997, the trial court held that defendant was not entitled to have a constructive trust imposed on the insurance proceeds based upon the court's determination that defendant had an adequate remedy at law, *i.e.*, a claim against the estate of Edward Maksem. By judgment entry filed April 1, 1997, the trial court granted judgment in favor of plaintiff on her claim for life insurance proceeds and against defendant on her counterclaim.

On appeal, defendant sets forth the following assignment of error for review:

"The trial court erred when it did not render judgment in favor of Mary Kay Maksem."

At issue in this case is whether the trial court erred in refusing to impose a constructive trust on the life insurance proceeds based upon the court's

---

1. The policy of insurance on the life of Edward J. Maksem provided for $42,000 in benefits. Thus, the partial settlement provided for plaintiff to receive $32,000 from the available benefits, plus accrued interest.

determination that defendant possessed an adequate remedy at law in the form of a claim against the estate of Edward Maksem.

At the outset, we note that there is no dispute that defendant's ex-husband, the insured, had a contractual obligation to maintain life insurance for the benefit of defendant. Specifically, paragraph five of the stipulation of facts entered into between plaintiff and defendant states:

"Pursuant to Paragraph 8. of the Divorce Decree rendered on May 11, 1983 by the Domestic Relations Division of the Franklin County Court of Common Pleas in *Maksem v. Maksem*, case number 82DR–11–3416, Edward J. Maksem was ordered to maintain Mary Kay Maksem as the beneficiary of $10,000 of life insurance available to him through his employment." [2]

Defendant asserts that, because Edward J. Maksem was required to maintain her as a beneficiary of $10,000 of life insurance, she has an equitable interest in the insurance policy and its proceeds which is superior to the legal interests of plaintiff. In response, plaintiff cites case law for the proposition that, in general, life insurance proceeds are payable to the named beneficiary. Plaintiff further asserts that defendant has no vested or contractual rights to the policy proceeds, nor is plaintiff in any way responsible for Edward Maksem's failure to comply with the decree of divorce.

In *Ferguson v. Owens* (1984), 9 Ohio St.3d 223, 9 OBR 565, 459 N.E.2d 1293, the Ohio Supreme Court, in defining the concept of a "constructive trust," quoted with approval the following authorities:

" * * * A constructive trust is defined in 76 American Jurisprudence 2d (1975) 446, Trusts, Section 221, as:

" ' * * * [A] trust by operation of law which arises contrary to intention and in invitum, against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy. It is raised by equity to satisfy the demands of justice. * * * '

"In *Beatty v. Guggenheim Exploration Co.* (1919), 225 N.Y. 380, 122 N.E. 378, we find the following pertinent commentary by Justice Cardozo, at pages 386 and 389, 122 N.E. 378:

" ' * * * A constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances

---

2. Attached to the stipulation of facts was a copy of the judgment entry decree of divorce rendered on May 11, 1983.

that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee. * * * A court of equity in decreeing a constructive trust is bound by no unyielding formula.' " *Id.* at 225–226, 9 OBR at 567, 459 N.E.2d at 1295.

In *Ferguson,* the Ohio Supreme Court considered the issue whether a named beneficiary of the proceeds of a life insurance policy could be divested of the right to such proceeds by one having a superior equitable right. The court in *Ferguson* ultimately held that "a constructive trust is the appropriate remedy to ensure that insurance proceeds are paid to those who were to be named beneficiaries of an insurance policy by the terms of a separation agreement embodied in a divorce decree, such persons having an equitable right superior to the legal right of the designated beneficiary of the policy." *Kelly v. Med. Life Ins. Co.* (1987), 31 Ohio St.3d 130, 133, 31 OBR 289, 292, 509 N.E.2d 411, 414, citing *Ferguson, supra.* In *Kelly, supra,* at paragraph two of the syllabus, the court held that "[a] constructive trust is the appropriate remedy to ensure that insurance proceeds are paid to those who were to be named beneficiaries of an insurance policy by the terms of a separation agreement embodied in a divorce decree."

In *Aetna Life Ins. Co. v. Hussey* (1992), 63 Ohio St.3d 640, 590 N.E.2d 724, the Ohio Supreme Court followed and expanded the holding in *Kelly,* stating in the syllabus:

"Where a separation agreement embodied in a divorce decree mandates insurance coverage and unambiguously designates a purpose for which insurance proceeds are to be used by certain beneficiaries, a constructive trust for that designated purpose is the appropriate remedy to ensure that the proceeds are used for the purpose intended under the agreement." (Citations omitted.)

Based upon the above authority, we agree with defendant's contention that, by virtue of the terms of the divorce decree, defendant had an equitable right to the insurance proceeds which was superior to the legal right of plaintiff, the designated beneficiary. *Kelly, supra; Ferguson, supra.* We note that the Ohio Supreme Court's position is consistent with the majority of jurisdictions that have addressed this issue. See, *e.g., McKissick v. McKissick* (Nev.1977), 93 Nev. 139, 560 P.2d 1366, 1369 (where divorce decree obligated husband to maintain insurance with first wife, trial court properly held that second wife holds the insurance proceeds in a constructive trust for the first wife); *Richards v. Richards* (Wis.1973), 58 Wis.2d 290, 206 N.W.2d 134, 138 (husband's wrongful conduct, in violation of divorce decree, furnishes a proper foundation for impressing constructive trust upon the insurance proceeds which may be followed and recovered from second wife, who was not a bona fide purchaser); *Carpenter v. Carpenter* (1985), 150 Ariz. 130, 133, 722 P.2d 298, 301 (where property settle-

ment agreement incorporated into a divorce decree requires husband to maintain a specifically identified insurance policy on his life that names his wife or children as beneficiaries, and the husband dies after changing the beneficiary on that policy in violation of the decree, the beneficiary intended by the decree may reach the proceeds of the policy in the hands of the person who was the named beneficiary at the husband's death).

Further, the fact that plaintiff may have been an innocent party to the actions of the decedent (a matter not in dispute) is not dispositive. A similar argument was raised in *Torchia v. Torchia* (1985), 346 Pa.Super. 229, 499 A.2d 581, a case in which the deceased husband's second wife was named the beneficiary under two policies of the husband's on which he had, pursuant to a settlement agreement in a previous divorce proceeding, promised to maintain his children of the previous marriage as beneficiaries. The divorced wife, as guardian of the children, sued the second wife, claiming that the children were entitled to the proceeds. The trial court found in favor of the divorced wife.

On appeal, the second wife asserted that she was entitled to the proceeds because she was a passive, innocent party to the decedent's action in changing the beneficiaries of the policy. The court in *Torchia* rejected this argument, holding in part:

" * * * Most courts have concluded that a promise, made as part of a separation agreement, to maintain a policy of insurance designating either spouse or children as beneficiaries vests in such spouse or children an equitable interest in the policy which is superior to that of a stranger to the agreement who was subsequently named gratuitously as beneficiary. * * *

" * * * *

"These authorities are determinative of the issue in this case. Joseph Torchia, the deceased owner of the policy, had promised for legally adequate consideration to maintain two policies of insurance on his life and name his children as beneficiaries thereof. The children's rights were superior to those of appellant, who was a mere volunteer. Even though the widow was a passive and innocent party, her rights were subordinate. It would have been unjust to allow her to retain the proceeds of the policy in preference to the children.

"Appellant argues, however, that appellee's children are not entitled, as third party beneficiaries, to enforce their contractual rights against her because she was not a party to the contract. This misconceives the nature of the action which the children asserted and which the court enforced. The children's cause of action was not founded on a contractual duty which appellant owed; it was based, rather, on the equitable interest in the proceeds of the policy which had been

vested in the children by their father's agreement." *Torchia, supra,* at 234–236, 499 A.2d at 583–584.

See, also, *Glover v. Metropolitan Life Ins. Co.* (C.A.8 1981), 664 F.2d 1101, 1104 (Although second wife who was named beneficiary was innocent throughout and honestly believed that she was the true and lawful beneficiary of life insurance policy, " 'the important question is not whether the mistake was one of law or of fact, but is whether the case falls within the fundamental principle of equity that no person shall be unjustly enriched at the expense of another.' ") *Id.*

■ Plaintiff contends, however, that even if a constructive trust is the appropriate remedy for defendant, the trial court did not err in holding that defendant had an adequate remedy at law based upon an action against the estate of Edward J. Maksem. Plaintiff argues that there were sufficient funds in the estate of the decedent to satisfy the obligation, and that defendant was required to exhaust this legal remedy as a prerequisite to obtaining equitable relief. We disagree.

While we have found no Ohio cases on point, the argument raised by plaintiff is analogous to the circumstances in *Green v. Green* (1982), 13 Mass.App.Ct. 340, 433 N.E.2d 92. Under the facts of that case, the insured, one year before his death, entered into a stipulation, which was merged in a divorce judgment, by which the insured agreed to maintain certain insurance policies on his life and to maintain the children of the first marriage as the beneficiaries. The insured later married Dorothy Green, the defendant, and subsequently made her the beneficiary under five of the seven policies referenced in the divorce judgment.

Following the insured's death, the defendant received the proceeds of the five policies in which the designation had been changed by the insured. Plaintiffs, the children of the insured's first marriage, brought an action to recover the proceeds from the defendant or, in the event she was unable to pay the full amount, from the insured's estate. The trial court ruled that the estate was primarily liable to plaintiffs and that recovery directly against the defendant could be had only to the extent of any deficiency. Plaintiffs appealed the trial court's ruling.

On appeal, the defendant argued that the stipulation entered into at the time of the divorce gave rise to a contractual obligation which the insured broke when he changed beneficiaries; that plaintiffs could secure relief against the estate by means of an action on the contract; and that relief against defendant, being equitable in nature, was barred to the extent that the remedy at law was adequate. Thus, defendant argued that, because the findings did not indicate that the change in beneficiaries resulted from some culpability on the part of defendant, her liability was secondary and the plaintiffs were first required to

exhaust their remedies against the executor as representative of the culpable decedent.

The court in *Green* rejected defendant's contention, holding in pertinent part:

"The cases are legion in which wives or children who were removed as beneficiaries of life insurance policies in violation of the terms of separation agreements or divorce judgments have been permitted to recover the proceeds of such policies either from the improperly substituted beneficiaries or, where the proceeds had not been paid out, from the insurers. By reason of the power typically reserved by the terms of the policy to the insured to change beneficiaries, the insured has the right as against the insurer to change beneficiaries; but by virtue of a separation agreement or divorce judgment which provides that the insured shall not exercise that power, he has no such right as between himself and the parties to the agreement or judgment. * * * The beneficiary, in such a case, has a vested equitable interest. * * * The interest of the beneficiary under a life insurance policy is analogized to the interest of a beneficiary of a trust, * * * and the insured policy-owner who is obligated not to change beneficiaries despite his power to do so is treated as a fiduciary. * * *

"It is doubtful that a contract claim against the estate is viable in this case, it being unlikely that the stipulation regarding support survived the judgment as a separate agreement. There is little doubt in our minds that an equitable claim lies against the estate for Reuben Green's breach of his fiduciary duty. * * * Nor is there any doubt that a remedy available to the plaintiffs is to pursue the policy proceeds in the hands of the insurer or a person, such as the defendant Dorothy Uhlig Green, who has received the proceeds gratuitously or with knowledge of the plaintiff's equitable interest. *As between the two remedies, the rule appears to be that the person having the equitable interest in the property may pursue either the property, or the fiduciary who improperly disposed of the property, or both, at the election of the person having the equitable interest.* * * * 4 Scott on Trusts §§ 295, 295.1 (3rd Ed.1967)." (Emphasis added.) (Citations omitted.) *Green, supra,* at 342–343, 433 N.E.2d at 93–94.

■ We agree with the reasoning of the court in *Green,* holding that a person with an equitable interest in insurance proceeds may pursue either the property or the fiduciary who acted improperly, or both, at the election of such person having the equitable interest; thus, contrary to the trial court's determination in the instant case, defendant was not required first to exhaust any potential remedy against the estate. See, also, *Carpenter, supra* (former wife of insured was not limited to a claim against insured's estate but rather was entitled to recover directly from insured's second wife, at the time of insured's death, the proceeds of a group life policy).

In addition to the reasoning in *Green, supra,* we would further note that, for a remedy at law to be adequate, it must be "complete in its nature, beneficial and speedy." *State ex rel. Merydith Constr. Co. v. Dean* (1916), 95 Ohio St. 108, 123, 116 N.E. 37, 41. The issue is "whether the remedy is adequate under the circumstances." *State ex rel. Dayton Fraternal Order of Police Lodge No. 44 v. State Emp. Relations Bd.* (1986), 22 Ohio St.3d 1, 7, 22 OBR 1, 6, 488 N.E.2d 181, 187. Requiring a person with a superior equitable interest to file a claim against the estate potentially burdens that party with attendant costs and uncertainties, including possible claims by other creditors of the estate. These potential unsettled circumstances give rise to "the very problem the provision for insurance was intended to prevent." *Lalanne v. Lalanne* (1981), 52 N.C.App. 558, 563, 279 S.E.2d 25, 28. Given that a primary purpose of life insurance is the prompt payment of death claims, and that proceeds payable to a named beneficiary (as opposed to the estate) have the advantage of passing outside probate administration, we find no reason to require defendant to file another costly action against the estate seeking proceeds for which she is equitably entitled and which plaintiff holds, under equitable principles, as a trustee. Nor do we believe that an insured should be able to violate the terms of the divorce decree, thereby undermining the ability of a domestic relations court to fashion an equitable property settlement (and allowing plaintiff to become unjustly enriched as a result of the insured's action).

Based upon the above, we find that the trial court erred in granting judgment in favor of plaintiff and in failing to impose a constructive trust on the $10,000 in life insurance proceeds for which defendant had an equitable interest. Defendant's single assignment of error is sustained.

Accordingly, the judgment of the trial court is hereby reversed, and this matter is remanded to the trial court for further proceedings in accordance with law and consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

TYACK, P.J., and PEGGY BRYANT, J., concur.