Cratsley, J.
The plaintiff filed a motion for summary judgment in the above action to obtain the proceeds of the decedent’s, Neil Latham’s (“Mr. Latham”), life insurance policies pursuant to a 1976 separation agreement signed between the plaintiff, Sandra Halverson (“Ms. Halverson”) and Mr. Latham. In response, the defendant, Christy Kocieniewski (“Ms. Kocieniewski”), filed a cross motion for summary judgment. For the reasons discussed below, the plaintiffs motion for summary judgment is ALLOWED IN PART and the defendant’s cross motion for summary judgment is ALLOWED IN PART.
FACTS
The undisputed facts, as indicated by the summary judgment record, are as follows.
On November 12, 1976, Ms. Halverson, formerly Mrs. Neil Latham, and the decedent, her ex-husband, Mr. Neil Latham, executed a separation agreement. On May 27, 1977, a Judgment of Divorce Nisi was entered in Suffolk Probate Court stipulating that the parties must carry out the terms of the separation agreement. At the time the agreement was executed, Mr. Latham was an employee of Blue Cross Blue Shield of Massachusetts (“BCBS”) and was provided life insurance through the company’s Employee Basic Life Insurance Plan. Under this plan, Mr. Latham obtained Life, Accidental Death and Dismemberment Insurance, effective November 1, 1970, which provided a death benefit equal to one-year’s salary. Pursuant to the separation agreement, Ms. Halverson was the named beneficiary on this policy. On January 1, 1981, BCBS made a second type of life insurance available to its employees through its Retirement Income Trust. Mr. Latham subscribed on January 1, 1981. This policy, which also provided a benefit equal to one year’s salary, specified that it was in addition to the company-paid Basic Group Life, Accidental Death and Dismemberment Insurance.
On August 26, 1992, Mr. Latham changed the beneficiary on his original life insurance policy to the defendant, who at the time went by the name of Christy Lewis. Mr. Latham submitted a second change of beneficiary form on January 1, 1995 to reflect the defendant’s changed name of Kocieniewski. On August 16, 2000, Mr. Latham passed away. At the time of his death, he was on disability, but was still holding both of his employer life insurance policies. The total proceeds from his two life insurance policies was $118,000.00.
The parties contest the interpretation of paragraph six of the separation agreement, which reads that Neil Latham “shall maintain a life insurance policy on his life in the amount of no less than Forty Thousand Dollars ($40,000), naming Sandra Louise Latham as the primary beneficiary.” In particular, they disagree as to the scope of “insurance policy” and the interpretation of “not less than $40,000.” The plaintiff contends that the insurance coverage obtained in 1981 under the Retirement Trust Income is not a separate policy, but rather an extension of the coverage provided by the original policy. In support of her claim, the plaintiff references documentation from the Hartford Life Insurance Company, the provider of the policy, which assigns one policy number to the total amount of insurance claimed ($118,000). The defendant counters that the decedent had two separate policies, made distinct by their respective descriptions in the BCBS policy handbook, and that the separation agreement only entitled the plaintiff to proceeds stem *378 ming from one life insurance policy as opposed to multiple policies.
The parties also disagree as to the meaning of “not less than” in terms of the limits it places on the amount to which the plaintiff is entitled. The plaintiff contends that the language only creates a floor for the amount to which she is entitled and that the nature of the policy itself allows for accruals in value over time. The defendant contends that since the decedent did not move to amend the agreement pursuant to its terms, the plaintiff is entitled to only $40,000 of the proceeds.[1] However, since this is the extent of his obligation to the plaintiff under this agreement, and as his intention to change his beneficiary was clearly expressed by his signature on two change of beneficiary forms, the remaining pay out should go to the defendant, Ms. Kocieniewski.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 710 (1991).
I. Sandra Halverson’s Motion for Summary Judgment
Ms. Halverson contends that she is entitled to judgment as a matter of law because it is well established that when a deceased ex-husband changes the beneficiary on a life insurance policy in violation of a separation agreement, the party to the separation agreement is entitled to the proceeds of the policy, as she has a vested equitable interest in its proceeds. Green v. Green, 13 Mass.App.Ct. 340, 343 (1982). Therefore, the issue before this Court is the extent to which the plaintiff is entitled as a matter of law to the proceeds from the life insurance policy.
The separation agreement stipulated that the decedent would maintain a life insurance policy in the amount of “not less than Forty Thousand Dollars” whereby the plaintiff would be the named beneficiary. In exchange, the plaintiff agreed to waive alimony. The agreement was entered with the intention of both parties to “finally and for all time settle and determine ... all right to support and maintenance of the said wife by the said husband.”[2] Without any express language indicating that a separation agreement will not survive a divorce decree, the courts have generally resolved any matters in favor of its survival. Surabian v. Surabian, 362 Mass. 342, 345 n.4 (1972). As the agreement is deemed to have survived the divorce as an independent contract to be specifically enforced, I turn to the specific matters in dispute. Moore v. Moore, 389 Mass. 21, 25 (1983).
First, as to the issue of whether the amount in dispute is the product of one or two life insurance policies, this Court concludes as a matter of fact and law that the $118,000 at issue is the product of two life insurance policies rather than one policy with extended coverage. The plaintiff contends that since the documentation from Hartford Life Insurance Company indicates that only one policy number was assigned to these policies, the proceeds are the product of one policy, the full amount of which the plaintiff should receive.[3] The plaintiff also argues that the referenced documents in the BCBS policy handbook indicate that the Retirement Income Trust is defined as “coverage” in addition to the Life, Accidental Death and Dismemberment policy, rather than an additional policy.[4]
The exhibits provided by the parties, however, illustrate the intention of BCBS to provide its employees with two separate policies. The courts have previously found that the filing of separate applications, assigning different policy numbers, establishing different schedules of values and premiums, and the existence of varying settlement options all indicate the existence of multiple policies rather than extensions of one policy. See Brindis v. Mutual Life Insurance Company of New York, 29 Mass.App.Ct. 368 (1990) (policies obtained pursuant to a rider in the initial policy provided additional coverage rather than substitute coverage where separate applications were filed, new policies were issued with new numbers, and the terms delineating the schedules of values, schedules of premiums and settlement options varied).
The value of the two policies are similar as they each provide employees with the equivalent of one year’s salary rounded to the next higher $1,000. However, there are also discrepancies between the two. Their respective policies concerning termination (i.e. the Life, Accidental Death and Dismemberment Insurance terminates upon retirement), their separate policy numbers within the BCBS Group Policy booklet, and the policy booklet’s explicit statements about the fact that the Retirement Income Trust is separate and distinct from the original policy suggests that there are, in fact, two policies at issue. Even though the BCBS handbook uses the word “coverage,” a letter from BCBS to the decedent on November 25, 1991, concerning the commencement of his disability benefits provides additional evidence to this impact as it describes the impact of his disability on both his *379 Retirement Income and Basic Life Insurance separately.[5]
Therefore, since the separation agreement contains language requiring that the decedent maintain only one life insurance policy (“a life insurance policy”), the question becomes how much of the first policy the plaintiff is entitled to beyond the $40,000 agreed upon by the defendant. It is the opinion of this Court that by law the use of the words “no less than" creates a floor for the amount to which the plaintiff is entitled, not a ceiling. Our courts have interpreted the use of “no less than” to mean that a beneficiary would be entitled to no amount less than the stipulated amount, but also accruals in excess of a given amount. Taylor v. Gowetz, 339 Mass. 294, 300 (1959). Additionally, where a separation agreement is in effect, the terms upon which the parties agreed should be specifically enforced, absent countervailing equities. O’Brien v. O’Brien, 416 Mass. 477, 479 (1993).
In their separation agreement, the parties agreed upon the language in paragraph six requiring that Neil Latham take out a policy “no less than $40,000" absent any specific provisions as to how that formula should ultimately compute. The policy Mr. Latham chose was one which, pursuant to the policy handbook, would inevitably increase in value as its amount was contingent on the employee’s annual salary. Since that was how the decedent chose to fulfill his part of the agreement, then it constitutes the bargain struck between the parties. See Hurlbut v. Hurlbut, 40 Mass.App.Ct. 521, 525 (1996) (the decedent’s ex-wife was entitled to the proceeds of an insurance policy where there were no provisions in the formula to limit the amount owed).
Based on the undisputed facts and the foregoing legal conclusions, I find as a matter of law that the plaintiff is entitled to the accumulated proceeds from the Life, Accidental Death and Dismemberment Insurance at the time of Mr. Latham’s death. Ms. Kocieniewski is entitled to the remaining amount resulting from the Retirement Income Trust.
CONCLUSION
For the foregoing reasons, it is hereby ORDERED that plaintiff Sandra Halverson’s motion for summary judgment is ALLOWED to the extent that she is entitled to the entire accumulated proceeds at death from the Basic Life Insurance policy that was in effect at the time the separation agreement was executed. It is further ORDERED that defendant Christy Kocieniewski’s cross motion for summary judgment is ALLOWED to the extent that she is entitled to all of the remaining proceeds of the Retirement Income Trust made effective January 1, 1981.

 Paragraph five of the Agreement reads, in pertinent part: “[Slhould the circumstances require, a court having jurisdiction may modify the terms of this agreement and both parties in that situation waive any right or claim to specific performance.” Mr. Latham did not attempt to amend the agreement through any court.

Page 1 of the Separation Agreement.

Concise Statement of Material Facts and Statement of Legal Elements Pursuant to Rule 9A(b)(5) and Memorandum of Law in Support of Motion for Summary Judgment, Exhibit G-3.

Opposition of Defendant Christy Kocieniewski to Plaintiffs Motion for Summary Judgment and Memorandum in Support of Cross Motion for Summary Judgment, Exhibits C and D. Exhibit C, the BCBS document describing the Life, Accidental Death and Dismemberment Insurance reads in pertinent part: “This program is separate and distinct from the companies Policy and Procedure 6-07 RETIREMENT INCOME TRUST.” Exhibit D, describing the Retirement Income Trust, reads in pertinent part: “This life insurance coverage is in addition to the company-paid Basic Group Life and Accidental Death and Dismemberment Insurance.”

The letter indicates in paragraph 6 that Mr. Latham had $59,000 in basic life insurance at the time of the letter. The discrepancy between this amount and the amount in dispute, which the plaintiff contends has been in place since October 17, 1990, suggests that there are multiple policies at issue.