OPINION
{¶ 1} Appellant Roy McGrew ("appellant") appeals the decision of the Licking County Court of Common Pleas that granted Appellee Kevin Popham's motion for summary judgment. The following facts give rise to this appeal.
 {¶ 2} On March 20, 1972, the decedent, Jennie McGrew, executed her Last Will and Testament in which she left all of her real and personal property to her two children: Appellant Roy McGrew and Appellee Bonnie Popham. Thereafter, on February 28, 1997, appellant deeded her seventy-one-acre farm to her grandson, Appellee Kevin Popham, who is the son of Appellee Bonnie Popham. The deed recited consideration of $1.00 and the conveyance form filed during the recording process indicated the transaction was a gift. After deeding the farm to her grandson, the decedent continued to live on the property and paid taxes and utilities until her death on January 25, 2003.
 {¶ 3} Appellant maintains the decedent deeded the farm to Appellee Kevin Popham, for estate planning purposes, so the real estate would not be subject to a Medicaid lien if the decedent needed to qualify for Medicaid. Appellant further alleges that it was his understanding that Appellee Kevin Popham was acting as a trustee, or in some fiduciary capacity, and that he would merely have to ask Appellee Kevin Popham to deed the farm to him and Appellee Bonnie McGrew at some point in the future. Appellee Bonnie Popham denies the existence of any such arrangement.
 {¶ 4} Subsequently, after settling the decedent's estate, appellant asked Appellee Kevin Popham to deed him a one-half interest in the farm pursuant to the terms of the decedent's Last Will and Testament. Appellee Kevin Popham refused to do so indicating that he believed the decedent wanted him to have the farm.
 {¶ 5} Appellant filed a complaint on March 5, 2004. The complaint contains claims for interference with inheritance, breach of fiduciary duty, and the existence of a constructive trust. The complaint demanded monetary damages and further requested that the farm be transferred to appellant and Appellee Bonnie McGrew. Appellant filed an amended complaint, on September 22, 2004, adding Appellee Bonnie McGrew as a party to the proceedings.[1] Appellees filed an answer to the amended complaint and a counterclaim for slander of title.
 {¶ 6} On July 29, 2005, Appellee Kevin Popham filed a motion for summary judgment. The trial court granted the motion on September 29, 2005. The trial court filed an amended judgment entry on December 2, 2005, adding Civ.R. 54(B) language. Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 7} "I. THE TRIAL COURT ERRED IN GRANTING KEVIN POPHAM'S MOTION FOR SUMMARY JUDGMENT."
 Summary Judgment Standard {¶ 8} Our standard of review is de novo, and as an appellate court, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35. Accordingly, an appellate court must independently review the record to determine whether summary judgment was appropriate, and we need not defer to the trial court's decision. See Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704,711; Morehead v. Conley (1991), 75 Ohio App.3d 409, 411-412.
 {¶ 9} Civ.R. 56(C) provides:
 {¶ 10} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only [therefrom], that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 11} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the nonmoving party has no evidence to prove its case. The moving party must specifically point to some evidence that demonstrates that the nonmoving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the nonmoving party to set forth specific facts demonstrating that there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citing Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107.
 {¶ 12} It is based upon this standard that we review appellant's assignment of error.
 I {¶ 13} In his sole assignment of error, appellant maintains the trial court erred when it granted appellee's motion for summary judgment. We agree.
 {¶ 14} Appellant sets forth several arguments in support of his assignment of error. First, appellant contends the issue of the decedent's intent is clearly a question of fact. In support of this claim, appellant argues the existence of a constructive trust. InUniv. Hospitals of Cleveland, Inc. v. Lynch, 96 Ohio St.3d 118,2002-Ohio-3748, the Ohio Supreme Court set forth the definition of "constructive trust" as follows:
 {¶ 15} "[A] trust by operation of law which arises contrary to intention and in invitum, against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy. It is raised by equity to satisfy the demands of justice." Id. at ¶ 59, citingFerguson v. Owens (1984), 9 Ohio St.3d 223, 225, quoting 76 American Jurisprudence 2d (1975), 446, Trusts, Section 221."
 {¶ 16} The imposition of a constructive trust is usually associated with the acquisition of property by fraud. Id. at ¶ 60. It is imposed "`not because of the intention of the parties but because the person holding the title to property would profit by a wrong, or would be unjustly enriched if he were permitted to keep the property.'" Id., quoting Restatement of the Law, Restitution, Section 160, Commentb. A party asserting the existence of a constructive trust must prove its existence by clear and convincing evidence. Id. at paragraph three of the syllabus. Clear and convincing evidence is sufficient to establish "* * * in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." Cross v.Ledford (1954), 161 Ohio St. 469, 477.
 {¶ 17} Despite the above cited language, appellant contends a constructive trust may exist even where there is no evidence that the title to the property was obtained by improper means. Appellant refers to the Tenth District Court of Appeals' decision in Groza-Vance v.Vance, 162 Ohio App.3d 510, 2005-Ohio-3815. In the Groza-Vance case, the former wife filed a motion for constructive trust alleging her former husband, before his death, violated their divorce decree requiring him to bequeath to her real property in Florida. Prior to his death, the former husband executed a general warranty deed conveying the Florida property to his daughter from a previous marriage. Id. at ¶ 3, ¶ 5.
 {¶ 18} The trial court granted the former wife's motion for constructive trust. Id. at ¶ 8. On appeal, the Tenth District Court of Appeals affirmed the trial court's decision concluding:
 {¶ 19} "Ohio courts have not required that the holder obtained title by fraudulent or questionable means before imposing a constructive trust. Rather, this court has expressly stated that a property holder's status as an innocent party to the actions of the decedent from whom he acquired such property is not dispositive in an action to impose a constructive trust. Bailey v. Prudential Ins. Co. of Am. (1997),124 Ohio App.3d 31, 36, 705 N.E.2d 389." Id. at ¶ 27.
 {¶ 20} The court of appeals also found significant the fact that the agreement requiring the former husband to bequeath the property to his former wife was incorporated into the divorce decree. Id. at ¶ 32. The court concluded that this agreement "* * * acquired the sanctity of a court order." Id.
 {¶ 21} We find the Groza-Vance case distinguishable from the facts of the case sub judice. Specifically, in the matter currently before the court, there is no written agreement of any kind indicating that appellee was merely holding the farm, for appellant and Appellee Bonnie Popham's benefit, until the death of the decedent. The only documented evidence indicates that the decedent transferred the farm, to appellee, as a gift.
 {¶ 22} Despite the lack of documented evidence, appellant argues his own affidavit as well as the affidavits of Mark and Beth Blackburn, filed in support of his memorandum in opposition to appellee's motion for summary judgment, establish that the decedent transferred the farm to appellee with the intent that upon the decedent's death, it would be transferred to appellant and Appellee Bonnie Popham.
 {¶ 23} Appellee challenges these affidavits on the basis that they are not admissible evidence. Specifically, appellee contends appellant's affidavit is not admissible under Evid.R. 803(3), the "state of mind" hearsay exception, which provides:
 {¶ 24} "The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
 "* * * {¶ 25} "(3) Then existing, mental, emotional, or physicalcondition. A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will."
 {¶ 26} In State v. Apanovitch (1987), 33 Ohio St.3d 19, the Ohio Supreme Court held evidence a victim had a fearful state of mind was admissible as a hearsay exception under Evid.R. 803(3) as a statement of "then existing state of mind, emotion, sensation or physical condition." The Court explained:
 {¶ 27} "In United States v. Cohen (C.A.5, 1980), 631 F.2d 1223, the defendant offered the testimony of state-of-mind witnesses to demonstrate that he acted out of fear of his codefendants. In discussing Fed.Evid.R. 803(3), the court noted that the rule permitted the witnesses to relate any out-of-court statements Cohen had made to the effect that he was scared, anxious, or in any other state reflecting his then existing mental or emotional condition. However, the court also observed that the state-of-mind exception does not permit witnesses to relate any of the declarant's statements as to why he held a particular state of mind. Accordingly, the witnesses were allowed to offer testimony that Cohen said, I'm scared,' but not `I'm scared because Galkin threatened me.' Cohen, supra, at 1225. (Footnote omitted).
 {¶ 28} "Evid.R. 803(3) operates as a vehicle for the admission of a statement such as, `I am afraid of X.' Weissenberger, Ohio Evid. (1985), Chapter 801 at 42, Section 803.32. Accord McCormick, Evidence (3 Ed.1984) 853, Section 296. The critical requirement is the statement refer to a present and not a past condition. Giannelli, Ohio Evidence Manual (1982), Article VIII at 36, Section 803.07. Where the statement does not relate to a `then existing' condition, it must be viewed as a narrative account formulated after time for reflection, and therefore it is not admissible under Evid.R. 803(3). Weissenberger, supra, at 40, Section 803.30.
 {¶ 29} "Finally, the testimony sought to be introduced must point towards the future rather than the past. When the state of mind is relevant it may be proved by contemporaneous declarations of feeling or intent. Shepard v. United States (1933), 290 U.S. 96, 54 S.Ct. 22, 78
L.Ed. 196."
 {¶ 30} Pursuant to Evid.R. 803(3), we find certain portions of appellant's affidavit are admissible. Although appellee does not challenge the affidavits of Mark and Beth Blackburn under Evid.R. 803(3), we find these affidavits are also admissible under Evid.R. 803(3). Specifically, the decedent's statement regarding her intent that the property be transferred to appellant and Appellee McGrew, upon her death, is admissible because it reflects her then existing state of mind. This statement referred to a present condition and explained the decedent's intent for the future (i.e. that appellee, upon her death, give one-half of the farm each to appellant and Appellee McGrew.) Accordingly, appellant's affidavit, as well as the affidavits of Mark and Beth Blackburn, is admissible regarding the decedent's expressed intent.
 {¶ 31} However, Evid.R. 803(3) does not permit a witness to relate any of the declarant's statements as to why he or she held a particular state of mind. In appellant's affidavit, at paragraph 4, he specifically states that, "At that time Jennie McGrew clearly expressed that her intent was to transfer the real estate so as to avoid it being used up by final medical expenses;". The fact that the decedent transferred the property to appellee in order to avoid future medical expenses is not admissible because it explains why the decedent held a particular state of mind. Such evidence is specifically excluded by Evid.R. 803(3). Accordingly, this portion of appellant's affidavit is not admissible under the "state of mind" hearsay exception.
 {¶ 32} Appellee further maintains the affidavits of appellant and Mark and Beth Blackburn are also not admissible evidence under Evid.R. 804(B)(5), which provides:
 {¶ 33} "(B) Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
 "* * * {¶ 34} "(5) Statement by a deceased or incompetent person. The statement was made by a decedent or a mentally incompetent person, where all of the following apply:
 {¶ 35} "(a) the estate or personal representative of the decedent's estate or the guardian or trustee of the incompetent person is a party;
 {¶ 36} "(b) the statement was made before the death or the development of the incompetency;
 {¶ 37} "(c) the statement is offered to rebut testimony by an adverse party on a matter within the knowledge of the decedent or incompetent person."
 {¶ 38} Appellant contends these affidavits are not hearsay and are admissible under Evid.R. 803(3) because they were offered to explain the decedent's actions.
 {¶ 39} In Bunger v. Bunger (Apr. 10, 1992), Darke App. No. 1292, the Second District Court of Appeals addressed similar arguments in a case almost factually identical to the case sub judice. In Bunger, the decedent's two children argued that their father intended their aunt and uncle, the named beneficiaries, to hold life insurance proceeds totaling approximately $43,000, in a constructive trust, for their benefit, until they attained their majority. Id. at 1. However, upon receipt of the life insurance proceeds, the uncle gave each child $8,000 and used the remainder of the proceeds to remodel his house. Id. In addition to suing their aunt and uncle, the children also sued the insurance company and the insurance company's agent claiming the agent knew the decedent intended to designate the aunt and uncle trustees of the life insurance proceeds and therefore, was negligent in not providing the decedent with a change in beneficiary form to effectuate his intent. Id.
 {¶ 40} The defendants moved for summary judgment, which the trial court granted. Id. In opposing the motions for summary judgment, the children submitted the affidavit of their attorney, who stated that he had a conversation with the insurance company's agent and the agent informed him that the decedent indicated that his brother was to hold the monies for the benefit of his children. Id. at 3. Further, the affidavit of the attorney indicated the insurance agent discussed the issue of tax liability with him and the attorney also indicated that he informed the uncle ways to avoid tax liability while he held the monies for the children. Id. The children submitted their attorney's affidavit as proof that their uncle was aware of their father's desire that he hold the insurance proceeds for their benefit. Id.
 {¶ 41} The court of appeals concluded this affidavit was insufficient to create a genuine issue of material fact. Specifically, the court of appeals held:
 {¶ 42} "The affidavit, as it related to the (sic) what the decedent said to Agne [insurance agent] about his intent, and as to what Agne [insurance agent] said to Robert [uncle] about tax avoidance, is hearsay. Both these statements were made out of court and were clearly offered for their truth, i.e. that the decedent had manifested his intent that Robert [uncle] hold the insurance benefits for the benefit of his children, and that Robert Bunger [uncle] discussed tax avoidance as to those benefits, thus implying that the Bungers [aunt and uncle] were aware of this intent. We presume that the trial court properly ignored this evidence, having found as we do, that it was inadmissible hearsay evidence of the decedent's intent. * * *" Id.
 {¶ 43} The children also submitted their deposition testimony in opposing the defendants' motion for summary judgment. The children testified, at their depositions, that the decedent told them he was going to talk to their uncle about putting money in a trust fund for them. Id. This conversation allegedly occurred after the decedent made the aunt and uncle the new beneficiaries. Id. The court of appeals also struck this testimony as inadmissible hearsay. The court stated:
 {¶ 44} "Like the affidavit, evidence of the conversation that the decedent allegedly had with his children following the change of beneficiary was inadmissible hearsay. The statement was made out of court and was offered as proof of the matter asserted, i.e., that the decedent intended that the Bungers [aunt and uncle] hold the insurance proceeds for the children's benefit. This evidence did not qualify as a hearsay exception pursuant to Evid.R. 804(5), `statement by a deceased', since the decedent's estate is not a party to this action." Id. at 4.
 {¶ 45} The court of appeals affirmed the trial court's decision and found the children failed to introduce any competent evidence which could reasonably support their argument that their father intended them to benefit from the insurance proceeds. Id. Thus, the imposition of a constructive trust was unwarranted. Id.
 {¶ 46} As in the Bunger case, we likewise conclude the affidavits submitted by appellant are inadmissible hearsay evidence under Evid.R. 804(5) because the decedent's estate is not a party to this action.
 {¶ 47} Accordingly, we find the trial court erred when it granted appellee's motion for summary judgment and determined no genuine issues of material fact exist. The affidavits submitted by appellant, in opposition to appellee's motion for summary judgment, and admissible under Evid.R. 803(3), create a genuine issue of material fact concerning whether the decedent intended appellee to give appellant and Appellee Bonnie McGrew each one-half of her farm upon her death.
 {¶ 48} Appellant's sole assignment of error is sustained.
 {¶ 49} For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
Wise, P. J., Hoffman, J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
Costs assessed to Appellee Kevin Popham.
[1] Although appellant filed an amended complaint and named Appellee Bonnie Popham as a defendant, appellant did not set forth any claims against Appellee Bonnie Popham.